**United States District Court**
**Eastern District of Kentucky**
**(Covington Division)**
FKt

Eastern District of Kentucky
**F I L E D**

FEB 1 9 2015

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Michael Dean Vaughan )
KCDC/1004544 )
3000 Decker Crane Ln. )
Covington, KY 41017 )
*Plaintiff* )
        **vs.** )
 )
Kentucky Army National Guard ) Civil Action No: 3:15-CV-6
100 Minuteman Pkwy. )
Frankfort, KY 40601 ) Judge: Gregory VanTatenhove
AND )
 )
National Guard Bureau )
111 South George Mason Dr )
Arlington, VA 22204 )
AND )
 )
United States Department of the Army )
1400 Defense Pentagon )
Washington DC 20301-1400 )
*Defendant(s)* )
 )

*"Oh, what a tangled web we weave when first we practice to deceive."*
-Sir Walter Scott, in Canto VI, Stanza 17 of "*Marmion*"

## FIRST AMENDED COMPLAINT FOR FRAUD ON THE COURT

Plaintiff Michael Dean Vaughan brings this action for declaratory, injunctive, and other relief pursuant to Rules 11, 26, and 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, 42 U.S.C. § 1983, the Privacy Act, 5 U.S.C. § 552a, et seq., as amended, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, the Administrative Procedure Act, 5 U.S.C. § 701, et. seq., as amended, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the inherent power of this court, in order to redress deprivation, under color of law, of rights, privileges, and immunities secured to the plaintiff by the Fifth and Fourteenth Amendments to the U.S. Constitution

### JURISDICTION

1. Subject matter jurisdiction over this action is conferred by 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5), 5 U.S.C. § 704, 28 U.S.C. § 1331, 41 U.S.C. §§ 1983, § 1988. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5), 5 U.S.C. § 702, & 28 U.S.C. § 1331.

## VENUE

2. Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5), 28 U.S.C. § 1391, 5 U.S.C. §§ 701,702. Relief may be awarded pursuant to the the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. §§ 703, 704, and 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the All-Writs Act, 28 U.S.C. § 1651, and the inherent power of this court.

## PARTIES

3. Plaintiff Michael Dean Vaughan is a former highly decorated Army National Guard Engineer Officer and disabled combat veteran residing in KY.

4. Defendant Kentucky Army National Guard is a sub entity of the National Guard Bureau and the U.S. Dept. of the Army and is an agency within the meaning of 5 U.S.C. §§ 552(e) & 552(a)(1).

5. Defendant National Guard Bureau ("NGB") is a sub-entity of the Department of Defense and is an agency within the meaning of 5 U.S.C. §§ 552(e) & 552(a)(1).

6. Defendant United States Department of the Army is a sub-entity of the Department of Defense and is an agency within the meaning of 5 U.S.C. §§ 552(e) & 552(a)(1).

## STATEMENT OF THE CASE

The fraud was simple. Disclose an altered copy of a privacy act protected, AR 15-6 Report of Investigation, as an attachment to a 'Motion to Quash'[1] in Vaughan v. Brigham, to deceive the court into believing that the plaintiff had been found guilty of 'Conduct Unbecoming an Officer'. The desired result, was to thwart court ordered discovery and destroy the plaintiff's credibility to prevent future litigation due to the defendant's misconduct. This court relied on the 'Motion to Quash' and the altered AR 15-6 Report of Investigation so much, it was referred to in Judge Reeves Memorandum Dismissing Vaughan v. Brigham, "*The Guard initiated an investigation and eventually brought charges against Vaughan for engaging in conduct unbecoming an officer.*"[2]. However, this was false, contradicted by the missing page concealed from the court. The concealed page also referenced final administrative actions that required procedural due process to have been accorded the plaintiff that he was arbitrarily and capriciously refused, making the disclosure of the report, a horrific privacy act violation.

1 KY E.D. 3:10-CV-5; Doc 35, Doc 35-2, p. 4 was the altered page from the AR 15-6 Report of Investigation [DA 1574] . Unaltered [missing] page attached as Exhibit "A1". Exhibit "A2" is the altered page as submitted to the court.
2 KY E.D. 3:10-CV-5; Doc 76, p. 2

The defendant's emboldened by their successful fraud in the federal court, willfully lied to U.S. Senator Rand Paul during an official inquiry launched when the defendants had refused to evaluate and treat the plaintiff for Post Traumatic Stress Disorder ("PTSD") and other combat related injuries. Senator Rand Paul was deceived[3] by the defendants and refused to assist the plaintiff in receiving needed treatment as required by federal law.[4] The defendant's had falsely informed Senator Rand Paul that they had no records of the plaintiff ever having been injured in combat. Senator Rand Paul's failure to assist the plaintiff to receive evaluation and treatment for PTSD by the U.S. Department of the Army, had tragic results a few months later.[5]

Ultimately though, this instant action centers on the altered/missing page and why it was concealed from the court and the plaintiff in Vaughan v. Brigham and follow-on lawsuits. Once this single military document is authenticated, the depth and range of the frauds committed in Vaughan v. Brigham and how these frauds were continued across several lawsuits by the military defendants, will be exposed.

## PRE-FRAUD ON THE COURT FACTS

1.  On August 12th, 2009 Mary Elizabeth Kounovsky (Brigham/Goad) contacted the KY Army National Guard via e-mail stating that she had a complaint to file.[6]

2.  On August 13th, 2009 an informal Army Regulation 15-6 investigation was initiated by LTC Jerry Morrison by the appointment of Major James Richmond as the investigating officer.[7]

3.  On August 18th, 2009 Major James Richmond concluded his investigation and an informal Army Regulation 15-6 Report of Investigation ("AR 15-6 ROI") was completed.[8]

4.  On September 19th, 2009 the plaintiff was relieved of his leadership position as a Platoon Leader for the 207 EN CO, and was transferred to the 201st EN BN as an Operations Officer.

---

3   Violation of 18 U.S.C. § 1001
4   10 U.S.C. § 1177
5   Attached to this complaint with Exhibit "B" is a true copy of the letter from U.S. Senator Rand Paul, also included are relevant medical records of the injuries sustained by the plaintiff during combat, with supporting documents.
6   KY E.D. 3:10-CV-5; Doc 35-3, p. 2
7   KY E.D. 3:10-CV-5; Doc 35-1; KY E.D. 3:12-CV-33; Doc 21 'Admissions': admitted
8   KY E.D. 3:10-CV-5; Doc 35-2; KY E.D. 3:12-CV-33; Doc 21 'Admissions': admitted

5. On September 23rd, 2009 via e-mail, and on September 28th, 2009 via Certified/Return Receipt Requested Mail, the plaintiff sent three military memorandums to LTC Jerry Morrison. These three military memorandums were as follows:[9]

   1. A memorandum requesting Army Trial Defense Services to provide the plaintiff with counsel to assist the plaintiff with addressing the AR 15-6 Report of Investigation.[10]
   2. A memorandum requesting the AR 15-6 investigation findings and results including exhibits and communications regarding the complaint made by Mary Kounovsky [Brigham].[11]
   3. A memorandum whereas the plaintiff WITHDREW his sworn statement 'taken' during the AR 15-6 investigation as the plaintiff was under the influence of Percocets, Toradol, morphine [including other pain medications] after having been treated at the hospital minutes before the sworn statement was taken. The plaintiff advised that he had not been advised of his rights NOR advised that the sworn statement was voluntary.[12]

6. The plaintiff received no response to his three memorandums from his chain of command.

7. On September 24th, 2009 the plaintiff submitted a FOIA/Privacy Act request to the KY National Guard for a recording of a meeting between COL Rodney Hayes and the plaintiff.[13]

8. On September 24th, 2009 Warrant Officer Jennifer Latendresse, FOIA/Privacy Act Officer for the KY National Guard responded by denying the plaintiff's FOIA/Privacy Act Request.[14]

9. On October 2nd, 2009 the plaintiff Vaughan submitted an additional FOIA/Privacy Act request to the KY National Guard for copies of all e-mails, correspondence, notes, printouts regarding an investigation regarding the plaintiff and Mary Kounovsky [Brigham].[15]

10. On November 4th, 2009 the KY Guard responded that they had 101 pages responsive to the plaintiff's FOIA/Privacy Act Request.[16]

11. On January 26th, 2010 the defendant the National Guard Bureau denied the plaintiff's October 2nd 2009 FOIA/Privacy Act request.[17]

12. On February 16th, 2010 the plaintiff filed Vaughan v. Brigham; [KY E.D. 3:10-CV-5]

13. On February 19th, 2010 the plaintiff Vaughan sent a Request for Information via e-mail to MAJ James Richmond for exact times, dates when Mary Brigham had contacted him or any other element within the KY National Guard, related to the causes of action in Vaughan v. Brigham.[18]

14. On February 21st, 2010 the plaintiff was notified that he was receiving and was presented with a relief for cause/referred officer evaluation report and advised he was to receive a reprimand.[19]

9  KY E.D. 3:12-CV-33; Doc 21 'Admissions': admitted
10 KY E.D. 3:12-CV-35; Doc 3-1, p. 15
11 KY E.D. 3:12-CV-35; Doc 3-1, p. 16
12 KY E.D. 3:12-CV-35; Doc 3-1, p. 17
13 KY E.D. 3:12-CV-35; Doc 3-1, p. 21-22
14 KY E.D. 3:12-CV-35; Doc 3-1, p. 20; COL Rodney Hayes was Warrant Officer Jennifer Latendresse's supervisor.
15 KY E.D. 3:12-CV-35; Doc 3-1, p. 23-24
16 KY E.D. 3:12-CV-35; Doc 3-1, p. 26
17 KY E.D. 3:12-CV-35; Doc 3-1, p. 28-29
18 KY E.D. 3:12-CV-35; Doc 3-1, p. 35
19 KY E.D. 3:12-CV-35; Doc 3-1, p. 32

15. On February 22nd, 2010 LTC Dylan Seitz responded via e-mail to MAJ Richmond's request as to what he should do with the plaintiff's February 19th, 2010 Request for Information. LTC Seitz stated that "...*there is no need for you to respond directly to [the plaintiff] You were investigating at the behest of the command and the work product you produced belongs to the government. If* [plaintiff] *wants anything, you can direct him to my office. I'll explain to him what is releasable, when it is releasable, and the procedures surrounding the release of the information.*"

16. MAJ Richmond responded verbally to the plaintiff's February 19th, 2010 Request for Information that the plaintiff must do a FOIA request for the requested information.

17. On February 26th, 2010 the plaintiff sent an e-mail to his chain of command that pertinently stated "...*I am specifically requesting ALL Exhibits, findings, and any testimony offered by any other individuals. Additionally, I am requesting that upon receiving the aforementioned documents that I am accorded a reasonable opportunity to reply in writing and to submit relevant rebuttal material to the AR 15-6 Investigation as to date, I have been DENIED this material (See attached Memo REQ 15-6 Docs) and thus the opportunity to REBUT.*"[20]

18. Shortly thereafter on February 26th, 2010 LTC Dylan Seitz responded by e-mail to the plaintiff's chain of command "*You guys shouldn't respond or involve yourself in this matter any further unless a commander's decision is required. At this stage, it appears to be all "legal".*"

19. The plaintiff never received a response from his chain of command, to the plaintiff's February 26th, 2010 e-mailed request for the AR 15-6 report of investigation so he could rebut it.

20. Approximately March 12th, 2010, plaintiff Vaughan filed an Inspector General Complaint ("IG Complaint") with COL David Alexander that centered on the plaintiff's relief for cause/referred officer evaluation report, the letter of reprimand, and the AR 15-6 Report of Investigation.

21. On March 26th, 2010, plaintiff's 'Motion for Leave to Conduct Expedited Discovery' was sustained in Vaughan v. Brigham.[21]

22. On April 2nd, 2010 plaintiff Vaughan submitted another FOIA/Privacy Act Request for the AR 15-6 Report of Investigation.[22]

23. On April 9th, 2010 the plaintiff was issued a relief for cause/referred officer evaluation report.

24. On April 13th, 2010 COL David Alexander informed the plaintiff via e-mail that among other things;
    1. the AR 15-6 Report of Investigation was not used for the relief for cause/referred officer evaluation report;
    2. plaintiff was only allowed to rebut the officer evaluation report;
    3. that the plaintiff was required to do a FOIA request for the AR 15-6 Report of Investigation;
    4. that there is no provision to 'rebut' an AR 15-6 ROI or Letter of Reprimand. [23]

20 This request's verbiage was directly pulled from the referral procedures of Army Regulation 15-6 PARA 1-9(c).
21 KY E.D. 3:10-CV-5; Doc 8
22 KY E.D. 3:10-CV-54; Doc 26-9, p. 2-3
23 KY E.D. 3:12-CV-35; Doc 3-1, p. 40

25. On May 4th, 2010, the plaintiff emailed LTC Dylan Seitz regarding the AR 15-6 Report of Investigation and the plaintiff's April 2nd, 2010 FOIA request. E-mails in which LTC Dylan Seitz pertinently stated "*You would certainly be entitled to receive a copy of this report under FOIA. In addition, I also believe that you would be entitled to receive a copy of this report in order to appeal or rebut any adverse administrative actions based upon the evidence produced as a result of this investigation*".[24]

26. Later on May 4th, 2010 LTC Seitz replied back to the plaintiff's FOIA request e-mail that "*A copy of the 15-6 investigation report is ready for pick-up. You may pick it up at your convenience.*" [25]

27. On May 5th, 2010 at 0930 AM EST, the plaintiff went to the office of LTC Dylan Seitz as directed in the May 4th, 2010 e-mails and received the altered/incomplete copy of the AR 15-6 Report of Investigation pursuant to the plaintiff's April 2nd, 2010 FOIA request.[26]

28. Army Regulation 25-55 PARA 1-201(e); pertinently states as follows;
"*e. Soldiers and Civilian Employees of the Department of the Army **may as private citizens, request DA or other agencies records under the FOIA**. They must prepare the requests at their own expense and on their own time. They may not use Government equipment, supplies, or postage to prepare personal FOIA requests. It is not necessary for soldiers or civilian employees to go through the chain of command to request information under the FOIA.*"

29. The plaintiff received the incomplete/altered AR 15-6 Report of Investigation in his civilian capacity pursuant to AR 25-55 PARA 1-201(e). The plaintiff was not in a military status when he picked this document up from LTC Dylan Seitz's office. The plaintiff's chain of command did not provide him with a copy of the altered AR 15-6 report of investigation.

30. On May 6th, 2010, the plaintiff corresponded via e-mail with the Command Inspector General for the KY National Guard of his concerns about missing documents and information turned over to the plaintiff and why the plaintiff was still actively pursuing the Subpoenas.[27]

31. June 14th, 2010 LTC Dylan Seitz first contacted Det. Michael Hirte and e-mailed him a copy of the sworn statement taken from the plaintiff during the AR 15-6 investigation.[28]

32. On August 16th, 2010 the plaintiff filed a defamation lawsuit against Rodney Hayes in his individual capacity. [KY E.D. 3:10-CV-54]

33. On August 26th, 2010 the honorable court in Vaughan v. Brigham issued an order compelling COL Rodney Hayes & MAJ James Richmond to comply with the plaintiff's subpoenas.

### FRAUD ON THE COURT FACTUAL BACKGROUND

34. On September 9th, 2010 Lieutenant Colonel ("LTC") Dylan Seitz representing the KY Army National Guard, filed a 'Motion to Quash' as a Third Party in Vaughan V. Brigham.[29]

---

24 KY E.D. 3:12-CV-35; Doc 3-1, p. 44.
25 KY E.D. 3:12-CV-35; Doc 3-1, p. 46
26 KY E.D. 3:12-CV-35; Doc 3-1, p. 48
27 KY E.D. 3:12-CV-35; Doc 3-1, p. 51
28 Attached with Exhibit "C2"
29 KY E.D. 3:10-CV-5; Doc 35; KY E.D. 3:12-CV-33; Doc 21 'Admissions': admitted

35. The 'Motion to Quash' was filled with willfully false and misleading assertions regarding the plaintiff.

36. Attached to the 'Motion to Quash' was an <u>altered</u> copy of an AR 15-6 Report of Investigation ("ROI") that was missing a critically relevant page. Specifically, Doc 35-2, p. 4 was altered and is attached with Exhibit "A2".

37. This same altered version of the AR 15-6 ROI as provided to the court as an attachment to the 'Motion to Quash', was the same version supplied to the plaintiff on May 5th, 2010 pursuant to the plaintiff's April 2nd, 2010 FOIA request.

38. Attached to this complaint as Exhibit "A1", is a true copy of the page that was withheld from the altered AR 15-6 Report of Investigation filed with the defendant's 'Motion to Quash' in Vaughan v. Brigham. This 'missing page' represents the primary reason for this instant action.

39. At no time was the plaintiff or the court advised that the AR 15-6 Report of Investigation attached to the 'Motion to Quash' was incomplete and altered.

40. The federal rules of civil procedure and this courts inherent power allow sanctions to be issued when a party modifies, alters, or withholds evidence that is relevant to litigation.

41. The defendants and their counsel had a legal and ethical duty to acknowledge and disclose this critically relevant missing page to the court and to the plaintiff in all proceedings.[30]

42. The KY Army National Guard concealed the last page of the AR 15-6 Report of Investigation that showed the appointing officer's decision overruling MAJ Richmond's recommended finding of "Conduct Unbecoming an Officer", with his non-concurrence.

43. The concealed last page of the altered AR 15-6 ROI also included a decision to issue the plaintiff a referred officer evaluation report[31] and that he was being recommended to receive a Reprimand.

44. An additional fraud committed in Vaughan v. Brigham, was the submission of a fraudulent affidavit that had been drafted by the KY Army National Guard and signed by Det. Michael Hirte.

45. The defendants were aware that by altering the AR 15-6 ROI and attaching it with the fraudulent 'Motion to Quash, this would deceive the court into believing that the plaintiff had been found 'guilty of conduct unbecoming an officer' and destroy his credibility and avoid his subpoena's.

46. The defendant's frauds successfully deceived the court, destroyed the credibility of the plaintiff, avoided the plaintiff's subpoenas, and thwarted court ordered discovery.

## FRAUD IN THE APA LAWSUIT

47. Filed May 2nd, 2012 the Administrative Procedure Act Lawsuit[32] involved the plaintiff challenging the particular procedure followed in rendering a military decision in which final agency actions were taken against the plaintiff.

---

30 Includes but not limited to: KY SCR 3.130(3.1), KY SCR 3.130(3.4), KY SCR 3.130(4.1), KY SCR 3.130(8.4)

31 This is the same relief for cause/<u>referred officer evaluation report</u> that is mentioned throughout this complaint.

32 KY E.D. 3:12-CV-35

48. The final agency actions included the plaintiff being relieved of his leadership position, issued a relief for cause/referred officer evaluation report, and issued a letter of reprimand, based on the August 2009 AR 15-6 report of investigation.

49. The defendants the KY Army National Guard, the Department of the Army, and the National Guard Bureau, are all subject to the Administrative Procedure Act ("APA") 5 U.S.C. § 701.

50. The unaltered/missing page from the AR 15-6 Report of Investigation ("ROI") concealed from the court in Vaughan v. Brigham, was materially relevant and would have been a critically <u>decisive</u> factor in the Administrative Procedure Act Lawsuit.[33]

51. The defendants and their counsel had an affirmative legal and ethical duty to acknowledge and disclose the missing page from the AR 15-6 ROI to the court as it was relevant to the claims and assertions within the APA lawsuit.

52. The defendants acknowledged in their 'Motion to Dismiss', that "*The Officer Evaluation Report Issued to Plaintiff on April 9 2010, Was a Final Agency Decision*".[34] Defendant's also acknowledged that the letter of reprimand issued to the plaintiff"*was the Culmination of the Agency's Decision Making Process...*"[35]

53. As final agency decisions related to the plaintiff's Official Military Personnel File were being litigated, a litigation hold was required to be placed on his official military personnel file.

54. Per a written memorandum signed by LTC Jerry Morrison, the Letter of Reprimand was placed into the plaintiff's official military personnel file ("OMPF").[36]

55. In the APA lawsuit, the defendant National Guard Bureau's Sergeant First Class ("SFC") Marian J. Barry [Chief iPERMS Section, Army National Guard Readiness Center] submitted a sworn declaration that was used as evidence by the defendants to "prove" that the Letter of Reprimand was never placed into the plaintiff's Official Military Personnel File.

56. The defendant's on approximately July 19th, 2012 deleted, and then on July 24th, 2012 quietly re-added, and thereafter again deleted the Letter of Reprimand from the plaintiff's Official Military Personnel File ("OMPF").[37]

57. On July 25th, 2012 the plaintiff received the following notification via e-mail;

> "The following document(s) have been added to your Army Military Human Resource Record (AMHRR) in iPERMS:
>
> DOCUMENT NAME INPUT DATE
> ------------- ----------
> REF OER **2012-07-24 13:19** [Referred OER]
> LTR REPR 2012-07-24 13:19 [Letter of Reprimand]"

---

33 <u>Altered</u> page; KY E.D. 3:10-CV-5; Doc 35-2, p. 4 [Exhibit "A2"]. <u>Unaltered</u> [missing] page is attached as Exhibit "A1".

34 KY E.D. 3:12-CV-35; Doc 14-1, p. 13

35 KY E.D. 3:12-CV-35; Doc 14-1, p. 9

36 KY E.D. 3:12-CV-35; Doc 30-1 [Note: Sealed/Privacy Act Protected Document]

37 KY E.D. 3:12-CV-35; Doc(s) 18 & 19, [Doc 19, p. 3] states; "...*with regard to the letter of reprimand that was issued to plaintiff in April 2010, the records custodian removed the reprimand in entirety from plaintiff's OMPF.*"

58. In the sworn declaration dated July 20ᵗʰ, 2012, SFC Marian Barry states "*[n]o letter of reprimand is filed in 1LT Vaughan's OMPF.*" This was wrote four days prior to the letter of reprimand being replaced into the plaintiff's official military personnel file.

59. After their spoliation was discovered by the plaintiff, on August 7ᵗʰ, 2012, counsel for the defendant's responded to the plaintiff's accusations, stating that "*The argument of the defendant is based upon **what is in your permanent record** rather than on **what was in your permanent record**.*" He continues.. "*It was confirmed that it should not have been there and was removed. The thought is that if the remedy is removal of what is not there, and the danger is of future affect on your career from what is not there then there is no case for the District Court.*"

60. The defendant's counsel confirmed that removing the Letter of Reprimand from the plaintiff's military record after the APA Lawsuit had already been well underway, was designed to specifically affect the justiciability of the plaintiff's APA lawsuit.

61. The defendant's in their 'Motion to Dismiss'³⁸ stated that "*The Letter of Reprimand Issued to Plaintiff on April 6, 2010, Was the Culmination of the Agency's Decision Making Process, But the Decision Did Not Determine Plaintiff's Rights or Obligations Because the Letter Was Not Filed in Plaintiff's Official Military Personnel File*"

62. The defendant's successful spoliation and fraud were memorialized in Judge Reeve's dismissal of the APA lawsuit "*The defendants argue that the letter of reprimand issued to Vaughan on April 6, 2010 "was only a locally filed measure and, because it was not filed in [Vaughan's Official Military Personnel File (OMPF)], the decision to file the letter was of only temporary import and not a decision from which permanent legal consequences will flow." [Record No. 14-1, p. 9] In support, the defendants have attached an exhibit documenting a review of Vaughan's OMPF, which occurred on July 20, 2012. [Record No. 16-2] The review, conducted by the Chief of the Soldier Records Branch at the Army National Guard Readiness Center in Arlington, Virginia, determined that "[n]o letter of reprimand is filed in 1LT Vaughan's OMPF." [Id.]*" ³⁹

63. Judge Reeves continues by ruling [that]; "*Based on the credible documentation available to the Court, the letter of reprimand was only of a temporary nature and thus did not constitute a final administrative action.*"

64. Judge Reeve's ruling openly states that the plaintiff and the documents he submits to the court are not 'credible'.

65. The plaintiff's loss of credibility, including the loss of credibility of any documents he submitted to the court, explains why the court simply ignored the 'Plaintiff's '*First Amended Complaint*' [Doc 11] and his '*Response in Opposition to Defendant's Motion to Dismiss*'[Doc 27], in which he repeatedly mentions and attaches the missing page from the AR 15-6 report of investigation and explains this official military document's significance to his case. A document that had been turned over to the plaintiff nearly three years after the AR 15-6 investigation had been completed.

66. The fraud committed by the defendant's in Vaughan v. Brigham destroyed the plaintiff's credibility and his ability to 'make his record' and inform the court of the frauds that had been committed including those that were continuing to be committed by the defendants.

---

38 KY E.D. 3:12-CV-35; Doc 14-1, p. 9
39 KY E.D. 3:12-CV-35; Doc 37, p. 8-9

67. The plaintiff's credibility was so non-existent, that Judge Reeves failed to even mention the violation of a litigation hold on documents relevant to the APA lawsuit and the associated spoliation of evidence, as exposed by the plaintiff and admitted to by the defendant's.[40]

68. On July 20th, 2012 Todd S. Milliard [Litigation and Employment Law Division, Office of the Chief Counsel, National Guard Bureau] sent an e-mail to LTC Dylan Seitz pertinently stating;

*"...I'm coming up on the deadline to get this draft motion to David Middleton by COB on Friday, and **I realize we still have a gaping hole in the case.** Specifically, I am really truly going to need that declaration regarding a timeline for every instance in which **the Aug 09 AR 15-6 report** was released to Vaughan. I've got plausible arguments for the LOR, security clearance, WOFR board, and mythical KCMJ action he alleges, but I can't get around this paragraph out of the OER reg, AR 623-105:*

> *3-50.b. If relief for cause is contemplated on the basis of an informal AR 15-6 investigation, the referral procedures contained in that regulation [i.e., AR 15-6, para. 1-6c] must be complied with before the act of initiating or directing the relief. This is irrespective of the fact that the resultant relief for cause report must also be **referred** to the rated officer as described in paragraph 3-33.*

*The relief for cause OER was dated 9 Apr 10, so I have to know whether or not he got a copy of the 15-6 ROI [AR 15-6 report of investigation]...before that date. If we can't document that, then I think we're hosed on the APA argument regarding the OER because he'll have final agency action and a violation of agency policy that caused him harm. **In the alternative, I'd love to talk with you if you have another theory to defeat that claim....**"*[41]

69. The defendant's and their counsel undaunted by the rigors of ethical or legal restrictions, the *"theory to defeat* [the plaintiff's] *claim"*, was obvious.

70. As the plaintiff was willfully denied "*the Aug 09 AR 15-6 report*" [see pre-fraud on the court facts, paragraphs 1-33], the decision was made by the defendant's and their counsel to continue the fraud that the final agency actions of the plaintiff being relieved of his leadership position and subsequently issued a relief for cause/referred officer evaluation report; were in no way related to the August 2009 AR 15-6 Report of Investigation.

71. The defendant's used the sworn declaration of SFC Marian J. Barry, as evidence to fraudulently aver that there was no link between the Aug 09 AR 15-6 report and the final agency action of the plaintiff being relieved of his leadership position and the relief for cause/referred officer evaluation report subsequently issued to the plaintiff.

72. Pertinently SFC Marian Barry's sworn declaration stated "*The evaluation does not indicate that plaintiff was being relieved for any specific incident or act of misconduct; rather, the rater and senior rater articulate several broad deficiencies of character that are counter to what Army policy defines as accepted and required professional officer standards.*"[42]

---

40 KY E.D. 3:12-CV-35; Doc(s) 18 & 19
41 Attached with exhibit "C1"
42 KY E.D. 3:12-CV-35; Doc 16-1

73. The defendant's 'Motion to Dismiss' further stated "*Of note, the evaluation makes no reference to an investigation conducted under AR 15-6 or other authority....*".[43]

74. The defendant's successful deception was memorialized in Judge Reeve's dismissal of the APA lawsuit "...*In addition, Vaughan himself was informed on several occasions that the AR 15-6 Report was not considered when Vaughan was eventually relieved for cause. [Record No. 11, p. 15] This undercuts any finding that the Report was "the last word" on the matter. As a result, the Court concludes that the AR 15-6 Report and Investigation is not final agency action.*"[44]

75. The missing page from the altered [Aug] AR 15-6 Report of Investigation in Vaughan v. Brigham, directly links the AR 15-6 Report with the final agency actions of the plaintiff being relieved of his leadership position, being issued a relief for cause/referred officer evaluation report, and being issued the letter of reprimand. [See Exhibit "A1" for the missing page]

76. The defendant's, their counsel, and the KY National Guard's Inspector General, were well aware of the missing page from the AR 15-6 Report of Investigation and its relevance to the plaintiff's causes of action, long prior to the plaintiff's Administrative Procedure Act lawsuit being filed.

77. The defendant's fraud in Vaughan v. Brigham that shattered the plaintiff's credibility, the defendant's documented statements to the plaintiff, defendant's 'Motion to Dismiss', SFC Marian Barry's sworn declaration, the concealment of the missing page from the altered AR 15-6 report of investigation, and the defendant's violation of a litigation hold and associated spoliation of evidence, deceived the honorable Judge Reeves and he dismissed the APA lawsuit.

78. Defendant's counsel Todd Milliard correctly imputes in his July 20th, 2012 e-mail, that the plaintiff being relieved of his 'leadership position' and the subsequent relief for cause/referred officer evaluation report, had explicit procedural requirements; these are outlined by Army Regulation 15-6 PARA 1-9(c), Army Regulation 623-105 PARA 3-50(a-b), and Army Regulation 623-3 PARA 3-58(c).[45]

79. Per Army Regulation 623-105 PARA 3-50(a-b), and Army Regulation 623-3 PARA 3-58(c), prior to relieving the Officer [September 19th, 2009], the referral procedures in AR 15-6 must be complied with if the relief is based on an AR 15-6 Report of Investigation, as was the case with the plaintiff.

80. Per Army Regulation 15-6 PARA 1-9(c), the referral procedures are:
(1) Notify the person in writing of the proposed adverse action and provide a copy, if not previously provided, of that part of the investigation or board and the supporting evidence on which the proposed adverse action is based.
(2) Give the person a reasonable opportunity to reply in writing and to submit relevant rebuttal material.
(3) Review and evaluate the persons response.

81. Per Army Regulation 15-6 PARA 1-9(e), as a relief for cause/referred officer evaluation report has its own regulations and directives that have more stringent procedural safeguards, the referral procedures in AR 15-6 must be complied with.

---

43 KY E.D. 3:12-CV-35; Doc 14-1, p. 12
44 KY E.D. 3:12-CV-35; Doc 37, p. 8
45 KY E.D. 3:12-CV-35; Doc 3-1, p. 80-83

82. At no time did the defendant's comply with the referral procedures of Army Regulation 15-6 PARA 1-9(c) in relieving the plaintiff of his leadership position, or the relief for cause/referred officer evaluation report. The Plaintiff and the court were repeatedly and fraudulently told that the AR 15-6 Report and the plaintiff being relieved with the resultant relief for cause/referred officer evaluation report and letter of reprimand, were not related.

83. The plaintiff repeatedly requested the AR 15-6 report from his chain of command for rebuttal purposes and was willfully ignored at the explicit directions of LTC Dylan Seitz.

84. Plaintiff's chain of command did not provide the plaintiff a copy of the AR 15-6 Report to rebut. He only received an altered/incomplete copy pursuant to a FOIA request.

85. Additionally, Army Regulation 600-37 PARA 3-2 'Policies', states that in tendering a Letter of Reprimand to a soldier, unfavorable information will not be filed in an official file unless the recipient has been given the chance to review the documentation that serves as the basis for the proposed filing and make a written statement, or to decline, in writing, to make such a statement.

86. Plaintiff's chain of command did not comply with the procedural provisions of AR 600-37 PARA 3-2, as they refused to turn over to the plaintiff a copy of the AR 15-6 Report--which repudiated sections of the Letter of Reprimand, prior to it being placed into his OMPF.

87. The plaintiff's chain of command had a procedural legal duty to provide to the plaintiff the AR 15-6 Report of Investigation for rebuttal purposes;
   - prior to relieving him from his leadership position and,
   - prior to issuing him a relief for cause/referred officer evaluation report and,
   - prior to issuing him a letter of reprimand subsequently placed into his OMPF.

88. The defendants arbitrarily and capriciously refused the plaintiff the procedural opportunity to rebut the AR 15-6 Report of Investigation as required by Army Regulations though they were aware that he was required to be accorded this procedural due process.[46]

89. The defendant's concealed and refused to acknowledge the missing page from the AR 15-6 Report of Investigation and they removed the letter of reprimand from the plaintiff's OMPF during the APA lawsuit, to perpetrate AND **perpetuate** the fraud that final agency actions had not been consummated. Because if they had been, the plaintiff would "*have final agency action and a violation of agency policy that caused him harm*" and this would affect the Privacy Act Lawsuit.

90. Military procedures are a self imposed limit to the military's discretion in making a decision that results in final administrative action.

91. The Administrative Procedure Act requires that the military act in accordance with the procedures it has imposed upon itself.

92. As the defendant's willfully refused to follow their own procedures prior to rendering military decisions concerning final administrative actions taken against the plaintiff, the doctrine of military immunity is not applicable as the defendant's discretion was limited by their own procedures.

---

46 KY E.D. 3:12-CV-35; Doc 3-1, p. 44; also see paragraph 25 of this complaint.

93. The unaltered/missing page of the AR 15-6 Report of Investigation was concealed as it was relevant to the plaintiff challenging the particular procedures followed by the defendants in rendering a military decision in which final agency actions had been taken against the plaintiff. This was the basis of the APA Lawsuit and the defendant's gross misconduct represents a willful and intentional fraud directed against the judicial machinery of this court.

## FRAUD IN THE PRIVACY ACT LAWSUIT

94. Filed March 5th, 2012 the Privacy Act Lawsuit[47] involved the plaintiff challenging the disclosure of a privacy act protected Army Regulation 15-6 Report of Investigation as filed in Vaughan v. Brigham with the 'Motion to Quash', as the report of investigation was false, defamatory, inaccurate, incomplete, and untimely.

95. The unaltered/missing page from the AR 15-6 Report of Investigation was materially relevant in the Privacy Act Lawsuit as the KY Army National Guard created and then intentionally disclosed the altered AR 15-6 Report of Investigation to the court in Vaughan v. Brigham.

96. The Fraud committed in the 'APA Lawsuit', was designed to affect the 'Privacy Act Lawsuit'.

97. The defendants intentionally withheld and concealed the last page of the AR 15-6 Report that showed the appointing officer's decision overruling MAJ Richmond's recommended finding of "Conduct Unbecoming an Officer" with his non-concurrence. [See attached Exhibit's "A1 & A2"]

98. The concealed last page of the altered privacy act protected AR 15-6 ROI, included a decision to issue the plaintiff a relief for cause/referred officer evaluation report and a Letter of Reprimand that required the plaintiff to receive procedural due process which had been willfully refused by the defendants.

99. The altered AR 15-6 Report of Investigation deceived Judge Reeves into making an erroneous adverse determination in Vaughan v. Brigham; *"The Guard initiated an investigation and eventually brought charges against Vaughan for engaging in conduct unbecoming an officer."*[48]

100. The defendants admitted in their 'Motion to Dismiss' in the plaintiff's Privacy Act Lawsuit, that the AR 15-6 ROI is a record as defined in 5 U.S.C. § 552a, also known as the Privacy Act.[49] .

101. The defendant's, in their 'Motion to Dismiss', falsely imputed to the court that the AR 15-6 ROI was turned over to the Justice Department prior to its disclosure in Vaughan v. Brigham[50].

102. LTC Dylan Seitz wet ink signed and filed the date stamped 'Motion to Quash' that had the AR 15-6 ROI as an attachment.

103. Only the Routine-Use Disclosure regulations pertaining to the U.S. Dept. of the Army are applicable. None of which would authorize such a disclosure.

---

47 KY E.D. 3:12-CV-33
48 KY E.D. 3:10-CV-5; Doc 76, p. 2
49 KY E.D. 3-12-CV-33; Doc 37-1, p. 4
50 KY E.D. 3:12-CV-33; Doc 37

104. No Privacy Act 5 U.S.C. § 552(b)(1)-(12) exceptions to the [disclosure] rule(s) in 5 U.S.C. § 552a(b) are applicable regarding the altered AR 15-6 ROI as to how it was presented to the Court in Vaughan v. Brigham.

105. The defendants disseminated the altered AR 15-6 Report to the court in direct violation of 5 U.S.C. § 552a(g)(C), without the consent of the plaintiff and without the benefit of an appropriate privacy act related protective order.

106. The defendant's willfully made no effort to ensure the accuracy, completeness, or timeliness of the privacy act protected altered AR 15-6 ROI, prior to its disclosure, in violation of the Privacy Act 5 U.S.C. § 552a(g)(1)(C) and 5 U.S.C. § 552a(e)(6).

107. The defendants and their counsel had an affirmative legal and ethical duty in the 'Privacy Act Lawsuit' in their responsive pleadings, to inform the court that the altered AR 15-6 Report was incomplete as a material page had been altered, and that it was inaccurate and untimely as the plaintiff had been willfully refused the procedural opportunity to rebut the altered AR 15-6 ROI as required by Army Regulations, and that it was false and defamatory as it was misleading as it misled the court into believing that the plaintiff had been found guilty of conduct unbecoming.

108. The defendant's fraud in Vaughan v. Brigham and in the APA lawsuit, their 'Motion to Dismiss', and their willful concealment of evidence, deceived the honorable Judge Reeves and he dismissed the Privacy Act Lawsuit.

109. The plaintiff having to address the incomplete, inaccurate, and untimely altered AR 15-6 investigation or its supporting documentation in ANY MANNER, is an involuntary privacy act violation perpetrated by the defendant's against the plaintiff.

## **FRAUD IN THE FOIA LAWSUIT**

110. Filed March 26th, 2012 the Freedom of Information Act Lawsuit involved the plaintiff challenging the denial of responsive documents to the plaintiff's properly filed FOIA/Privacy Act request.

111. The defendants intentionally withheld responsive documents to prevent the plaintiff from exposing their fraud in Vaughan v. Brigham and Vaughan v. Hayes.

112. The missing page from the AR 15-6 ROI was materially relevant in Vaughan v. National Guard Bureau ("FOIA Lawsuit").[51]

113. On August 17th, 2011 the plaintiff submitted a FOIA/Privacy Act Request to the defendant KY National Guard requesting all records involving his military board hearing that had occurred in July of 2011.

114. The complete AR 15-6 Report of Investigation would have been one of the responsive records as requested in the plaintiff's FOIA/Privacy Act request.

---

51 KY E.D. 3:12-CV-34

115. On February 1st, 2012 the Defendant National Guard Bureau notified the plaintiff that his August 17th, 2011 FOIA/Privacy Act request had been referred back to the KY Army National Guard as it was incomplete.

116. On February 8th, 2012 the Defendant KY National Guard denied the plaintiff's FOIA/Privacy Act Request.

117. In the plaintiff's FOIA Lawsuit complaint Doc. 1, p. 12, on line 41, he accurately stated that he needed the information to prove *"that an incredible fraud has been committed on a federal court."* by the defendants.

118. In the plaintiff's FOIA Lawsuit complaint Doc. 1, p. 12, on line 42, he accurately stated *"the due process rights of the plaintiff are currently being violated and are in further imminent jeopardy of being grossly violated again without this information"*.

119. In the plaintiff's FOIA Lawsuit complaint Doc. 1, p. 13, on line 48, he accurately stated that *"The Defendants have wrongly withheld responsive agency records from the plaintiff."*

120. The plaintiff was entitled to these responsive documents pursuant to the Freedom of Information Act, the Privacy Act, and pursuant to applicable Army Regulations.

121. The defendants willfully withheld responsive documents that the plaintiff was entitled to in order to hide their willful misconduct in denying him due process with regard to final agency administrative actions taken against him.

122. The intentional denial of these responsive documents to the plaintiff in his August 11th, 2011, FOIA/Privacy Act request was willful, arbitrary and capricious.

123. The defendant's arbitrarily and capriciously withheld responsive documents to perpetuate their fraud on the court and to force the plaintiff to dismiss his FOIA lawsuit.

## FRAUD IN VAUGHAN v. BRIGHAM

124. Filed February 16th, 2010 Vaughan v. Brigham was a defamation lawsuit brought by the plaintiff against Mary Brigham for contacting individuals within the KY Army National Guard, falsely informing them that the plaintiff had; posted pornographic material of her on the Internet, and had contacted peers, and created an online persona to harass her.

125. Later the plaintiff learned that the defendant Mary Brigham had e-mailed intimate pictures of the plaintiff and her to MAJ Richmond, COL Hayes, and LTC Seitz.[52]

126. On September 9th, 2010 LTC Dylan Seitz filed a 'Motion to Quash' with an attached incomplete/altered privacy act protected AR 15-6 Report of Investigation.

---

52 KY E.D. 3:10-CV-5; Doc 35-7, p. 1

127.   The altered AR 15-6 Report coupled with the fraudulent 'Motion to Quash', was submitted in order to deceive the court into believing that the plaintiff had been found guilty of 'Conduct Unbecoming an Officer' by a legally sufficient military investigation related to the plaintiff's causes of action in Vaughan v. Brigham.

128.   The AR 15-6 Report page concealed by the defendants from the altered AR 15-6 ROI showed that the appointing officer had  non-concurred [overruled] the only recommended finding of MAJ James Richmond that the plaintiff was 'guilty of conduct unbecoming an officer'.

129.   The 'Motion to Quash' was filled with false and misleading assertions that were willfully blind and in reckless disregard of the truth regarding the plaintiff.

130.   The concealed page from the AR 15-6 ROI and the fraudulent sworn affidavit of Det. Michael Hirte were materially relevant to the claims, assertions and credibility of the 'Motion to Quash'.

131.   This deception by the KY Army National Guard, is memorialized in Judge Reeve's dismissal of Vaughan v. Brigham "*The Guard initiated an investigation and eventually brought charges against Vaughan for engaging in conduct unbecoming an officer. **In response**, Vaughan brought this suit against Brigham, alleging defamation, false light, and intentional infliction of emotional distress.*"[53]

132.   By concealing the missing page from the altered AR 15-6 ROI, the defendant's deceived this court into believing that; the plaintiff had ongoing military disciplinary actions as he had been found 'guilty of conduct unbecoming an officer' due to an AR 15-6 Report of Investigation, prior to his having filed Vaughan v. Brigham February 16th, 2010 and thus his filing of Vaughan v. Brigham was in bad faith and for an improper purpose.

133.   The plaintiff did not file Vaughan v. Brigham in bad faith or for an improper purpose.

134.   The plaintiff was not found guilty of 'conduct unbecoming an officer' nor were there pending military disciplinary proceedings when he filed Vaughan v. Brigham.

135.   The defendants used the altered AR 15-6 Report of Investigation, the 'Motion to Quash', and the the fraudulent sworn affidavit of Det. Michael Hirte, to deceive the court into believing that the plaintiff was using his subpoenas for an improper purpose; to harass and retaliate against his superior officers and the defendant Mary Brigham, and to obtain discovery for future lawsuits, and seeking the discovery of documents related to ongoing disciplinary actions against him.

136.   This deception by the defendant's was memorialized in Judge Reeves memorandum dismissing Vaughan v. Brigham, "*...Instead, [Vaughan] sought to take discovery of the Kentucky National Guard. It is his conduct in pursuing that discovery that has led the Court to consider sanctions.*"

137.   The 'Motion to Quash' states that the plaintiff had already received the [incomplete] AR 15-6 Report of Investigation and thus his pursuing the subpoena's had no legitimate purpose.[54]

---

53 KY E.D. 3:10-CV-5; Doc 76, p. 2
54 KY E.D. 3:10-CV-5; Doc 35, p. 7

138. The same day the plaintiff's subpoena's were signed by the clerk, the defendant's decided to honor the plaintiff's FOIA request by providing the plaintiff the altered AR 15-6 Report.[55]

139. At no time prior to court action was the plaintiff ever able to get responsive documents related to his claims and causes of action in Vaughan v. Brigham. [see pre-fraud on the court facts, paragraphs 1-33]

140. There was no restraining order against the plaintiff by the defendant Mary Brigham as factually asserted in the 'Motion to Quash'.

141. The plaintiff was not harassing the defendant Mary Brigham or his superior officers as factually asserted in the 'Motion to Quash'. The plaintiff was working to clear his name.

142. The subpoenas were directed to two of the three only known individuals that the plaintiff was aware of that had been directly contacted by the defendant in Vaughan v. Brigham. The defendant chose who to contact, not the plaintiff.

143. The Thurston County Sheriff's department found no evidence linking the plaintiff to any misconduct. Nor was he a suspect of the Thurston County Sheriff's department as factually asserted in the 'Motion to Quash'.

144. The defendant's withheld the missing page from the AR 15-6 Report of Investigation in Vaughan v. Brigham, to **perpetrate** the fraud that <u>final agency actions</u> had not been consummated prior to the plaintiff's subpoenas being formally issued and that there were disciplinary actions pending when Vaughan v. Brigham was filed.

145. This fraud was **perpetuated** by the defendant's in the plaintiff's Administrative Procedure Act Lawsuit involving the same final agency actions.

146. There were no disciplinary actions pending when Vaughan v. Brigham was filed on February 16th, 2010, nor were there disciplinary actions pending when the subpoenas were formally served on May 11th, 2010 or anytime between when the 'Motion to Quash' was filed on September 9th, 2010.[56]

147. The defendant's concealed the missing page from the AR 15-6 ROI, in all of the plaintiff's lawsuits, involving the defendant's, as the fraud would have been exposed, that the AR 15-6 Report was altered to deceive the court and strengthen the fraudulent 'Motion to Quash'.

148. The 'Motion to Quash' was filed to prevent the plaintiff from discovering via his subpoena's the misconduct of the defendants in willfully denying the plaintiff procedural due process involving the AR 15-6 Report, and included the misconduct of COL Rodney Hayes and MAJ James Richmond.

---

55 KY E.D. 3:10-CV-5; Doc 26-1, Signed by the clerk of court on May 4th, 2010.
56 Officially served on May 11th, 2010 and signed for by LTC Dylan Seitz. See KY E.D. 3:10-CV- 5; Doc 26-1, p. 7-52

149. The 'Motion to Quash' pertinently states, "*[Plaintiff] has already stated his intention of suing Colonel Hayes in his personal capacity. It is reasonable to believe that he may pursue similar actions against other individuals in the Kentucky National Guard based on the information he seeks to obtain by these subpoenas and depositions.*"[57]

150. The KY Army National Guard was aware that the information that they were withholding, contained documents and testimony that was actionable as it was exculpatory and demonstrated that the defendant's relieved the plaintiff of his leadership position, issued him a relief for cause/referred officer evaluation report and a letter of reprimand, arbitrarily and capriciously.

151. An example: On September 27th 2010, the plaintiff stated in his 'Response in Opposition to Motion to Quash' regarding COL Hayes' investigation as mentioned in the 'Motion to Quash'; "*... employees at the KY ARNG J6 quietly told the plaintiff that no evidence had been found linking the plaintiff to any wrong doing. It is the contention of the plaintiff that the KY National Guard is attempting to cover up the misconduct of a number of senior officers in their handling of this debacle.*"[58]

152. The coverup includes concealing the missing relevant page from the altered AR 15-6 Report of Investigation in Vaughan v. Brigham and in every other proceeding involving the plaintiff and the defendants.

153. After Vaughan v. Brigham had already been dismissed; in Vaughan v. Hayes, the plaintiff's statement was confirmed, "*Vaughan was present and had an opportunity to cross examine Hayes. The testimony is clear that Hayes did not find evidence that Vaughan used government computers or other equipment to send harassing or pornographic material.*"[59]

154. COL Hayes, the Commander of the "*KY ARNG J6*", had found no evidence linking the plaintiff to any misconduct.

155. The 'Motion to Quash' and the fraudulent affidavit of Det. Michael Hirte, were filed in bad faith, and for an improper purpose, in order to thwart court ordered discovery.

156. The coverup includes the KY Army National Guard drafting a fraudulent sworn affidavit that was signed by Detective Michael Hirte of the Thurston County Sheriff's department and submitting it to the court.

157. On June 14th, 2010, LTC Dylan Seitz first contacted Detective Michael Hirte and e-mailed him a copy of the sworn statement taken from the plaintiff during the AR 15-6 investigation. [60]

158. This was months after the plaintiff had the final agency actions taken against him and thirty days after the plaintiff had formally served the defendant's the subpoenas duces tecum.

---

57 KY E.D. 3:10-CV-5; Doc 35, p. 6
58 KY E.D. 3:10-CV-5; Doc 44, p. 9, Ln 18-21
59 KY E.D. 3:10-CV-54; Doc 51, p. 1
60 Attached with Exhibit "C2"

159. Over a year later, on June 24th, 2011 MAJ Natalie Lewellen [now LTC Natalie Lewellen, current Staff Judge Advocate General for the KY National Guard] sent Det. Michael Hirte a draft of the sworn statement that the KY National Guard had wrote for him to sign. MAJ Lewellen's e-mail pertinently states *"Therefore, I am asking if you* [Det. Hirte] *would review and brutally dissect the statements below for accuracy and clarity, as they will form the basis for the statement we will ask you to sign for introduction into evidence."*[61]

160. On information and belief, between June 24th, 2011 and June 27th, 2011 the KY Army National Guard assisted in drafting the sworn affidavit of Detective Michael Hirte. This fraudulent sworn affidavit was signed by Det. Michael Hirte while under oath. The affidavit was submitted during the June 28th, 2011 Vaughan v. Brigham Motion Hearing and used to prejudice the plaintiff.[62]

161. In the sworn affidavit drafted by the defendant the KY Army National Guard, and subsequently sworn to by Det. Michael Hirte on June 27th, 2011, it pertinently states that *"The case was reopened on or around January 22[nd], 2010, when I* [Det. Mike Hirte] *was made aware of a military investigation that was conducted and statements related to the case were obtained"*. This was false.

162. Nine months later, on March 27th, 2012, this fraud was reinforced by Det. Michael Hirte's FALSE supplemental report to his investigative file.[63] The plaintiff had been sent this document by Thurston County and the plaintiff was baited into submitting this fraudulent report with his *'Response in Opposition to U.S. Notice of Substitution and Motion to Dismiss'* [Doc 26] in Vaughan v. Hayes.

163. The March 27th, 2012 supplemental report of Det. Mike Hirte pertinently [and fraudulently] states *"In January 2010 I was made aware of a military investigation involving the possible suspect and statements were obtained. The KYNG/JAG office has not sent additional documentation and I recommend case suspension..."*

164. The KY National Guard JAG [LTC Dylan Seitz] had actually submitted the plaintiff's hotly contested sworn statement to Det. Hirte via e-mail on June 14th, 2010. The KY Army National Guard and Det. Hirte, then subsequently lied to the plaintiff and this court [through the affidavit and the supplemental report] when the KY National Guard had contacted the Thurston County Sheriff's dept. [See Exhibit "C2", see also Exhibit "C4" 'Affidavit of Det. Mike Hirte']

165. The June 27th, 2011 sworn affidavit of Det. Michael Hirte, was false and designed to commit the fraud that the KY Army National Guard was "assisting" with an open investigation PRIOR to Vaughan v. Brigham being filed and not after final administrative actions had already been taken against the plaintiff that he had been willfully denied due process, and after subpoenas had already been formally issued to the defendant the KY Army National Guard.

166. The submission of the contested privacy act protected sworn statement, by LTC Seitz, to Det. Mike Hirte, ten months after the AR 15-6 Report had already been completed--was retaliation by the defendants, because of the plaintiff pursuing the subpoena's in Vaughan v. Brigham for the information needed to support his causes of action. Information that also would have exposed senior officers misconduct.

---

61 Attached with exhibit "C3"
62 Attached with exhibit "C4"
63 KY E.D. 3:10-CV-54; Doc 26-3, p. 7

167. The frauds committed in Vaughan v. Brigham, and in every other proceeding, including those within the military, was designed to protect senior officers from lawsuits due to their misconduct committed against the plaintiff in both his military and civilian capacities.

168. MAJ James Richmond was one of these officers who committed misconduct.[64]

169. MAJ Richmond deceived the court when he stated that he in no way ordered, coached, or coerced the plaintiff into providing a sworn statement while he was under the influence of narcotics and opiates.

170. A statement in which the plaintiff never admitted posting pornographic material of the defendant Mary Brigham on the Internet, nor having contacted her peers, nor having created an online persona, to harass her.

171. A statement that is also supported by the negative findings of the Thurston County Sheriffs Department, and of COL Rodney Hayes finding no evidence of misconduct.

172. During his testimony on June 28th, 2011, MAJ Richmond also failed to note that the defendant in Vaughan v. Brigham had e-mailed intimate pictures of the plaintiff and Mary Brigham, to him, COL Hayes, and LTC Seitz.

173. During the June 28th, 2012 Motion Hearing, MAJ Richmond again deceived the court by failing to disclose that his only finding of "conduct unbecoming an officer" had been non-concurred by the appointing officer. He also failed to inform the court that the plaintiff had been willfully denied procedural due process regarding the AR 15-6 investigation.

174. The KY Army National Guard's deception was memorialized by Judge Reeves, "*Major Richmond testified. His __credible testimony__ clearly established that Vaughan was not impaired while providing his previous sworn statement. Further, Major Richmond established that, contrary to Vaughan's assertions, he in no way ordered, coached, or coerced Vaughan into providing the statement. At the conclusion of the hearing, the Court concluded that Vaughan had committed perjury.*"

175. The plaintiff did not commit perjury. The defendant's gross misconduct, the plaintiff's medical records, and the plaintiff's vehement contentions since the fall of 2009 that he was not only ordered, coached and coerced into providing a statement, but that he had also been fraudulently told that the AR 15-6 Report of Investigation was not used against him and that he was subsequently denied any semblance of procedural due process--lends considerable weight that the plaintiff's testimony was __far more credible__ than MAJ Richmond's.

176. The finding that the plaintiff had 'committed perjury', destroyed the plaintiff's credibility making it impossible for the plaintiff to 'make his record' or submit documents and evidence of the frauds committed by the defendant's in Vaughan v. Brigham, or in any other proceeding.

---

64 KY E.D. 3:12-CV-35; Doc 1-1, p. 54, Ln. 10

177. The plaintiff was unable to mount any viable defense against MAJ Richmond's deceptive testimony, the fraudulent 'Motion to Quash', the fraudulent sworn affidavit of Michael Hirte, or the altered AR 15-6 ROI as a materially relevant page and critical information had been willfully withheld and concealed from the court and the plaintiff.

178. The defendant the KY Army National Guard's fraudulent 'Motion to Quash', altered AR 15-6 Report of Investigation, the fraudulent sworn affidavit of Michael Hirte, including the misleading testimony by MAJ Richmond, deceived Judge Reeves into sanctioning the plaintiff by dismissing Vaughan v. Brigham with prejudice and prejudicing the plaintiff in every other proceeding.

179. The defendant's used their successful fraud in Vaughan v. Brigham and the plaintiff's other lawsuits to destroy his military career.

180. The plaintiff, a highly decorated, disabled combat veteran was issued an 'other than honorable' discharge based on this court's records, the AR 15-6 Report of Investigation, the relief for cause/referred officer evaluation report, and the letter of reprimand.

181. Prior to discharging the plaintiff, the defendant the Dept. of the U.S. Army was required to have the plaintiff receive a forensic psychological exam as required by 10 U.S.C. § 1177.

182. The defendant the KY Army National Guard had the plaintiff examined on March 7th, 2013 by Floyd Hunsacker the 'Director of Psychological Health' for the KY National Guard.

183. Mr. Hunsacker is a licensed Marriage/Family Therapist [License # 0383] and is not qualified to diagnose or examine anyone per KY State Law, Federal Law, Army Regulations, or VA regulations. Floyd Hunsacker is not even qualified to hold the title of 'Director of Psychological Health' pursuant to KRS 319.010.

184. Floyd Hunsacker made the diagnostic determination that the plaintiff's PTSD was "stable".

185. On June 12th, 2013 the plaintiff e-mailed MAJ Derrick Frodge a request to be placed on orders so that he could receive a mental health evaluation by trained psychologists at Wright Patterson Air Force base for PTSD, appointment had already been made. The plaintiff was tersely denied.

186. On July 23rd, 2013 the plaintiff e-mailed COL Michael Gavin [KY National Guard State Surgeon] *"Sir, my question is may I have a copy of the medical exam file you conducted including the report from Mr. Floyd Hunsaker below. I have never been given a copy of these documents and I need them to give to a congressman. I appreciate your assistance sir...."*

187. COL Gavin immediately sent an e-mail to LTC Dylan Seitz asking if the plaintiff was authorized these medical documents. LTC Seitz responded back on July 25th, 2013 to COL Gavin pertinently stating *"Thanks for forwarding this information. FYSA: NGB has signed off on Vaughan's Fed Rec withdrawal with an effective date of 16 July. The J-1 shop is preparing the paperwork which we should be able to serve on Vaughan very soon. I recommend that you reply to Vaughan that it is your understanding that the records are protected against release and that you are referring this matter to the legal office for a determination. Tell him that in the meantime, if he believes that he is entitled to receive a copy of these records that he should submit and formal request by letter (not e-mail) specifically identifying the records he is requesting and identify any authority (of which he is aware) which would entitle him to receive the records..."*

188. The plaintiff was subsequently denied his own medical and mental health records needed to help him receive mental health treatment for PTSD and assistance from Senator Rand Paul.

189. Within 24 hrs of being notified that he had been discharged, the plaintiff sought congressional assistance from U.S. Senator Rand Paul. The plaintiff did this in order to receive the forensic psychological exam as required by federal law from the department of the Army, prior to him being discharged so he could be evaluated and treated for Post Traumatic Stress Disorder ("PTSD").

190. The defendant's in responding to the plaintiff's 'congressional complaint', willfully lied to Senator Rand Paul that they had no record of the plaintiff ever having been injured in combat, while in a 'Title 10' status.[65]

191. Attached to Exhibit "B" to this complaint is a true copy of the letter from U.S. Senator Rand Paul to the plaintiff in which he denies him assistance so that he could receive evaluation [and treatment] for Post Traumatic Stress Disorder from the U.S. Department of the Army.

192. Also attached to Exhibit "B" is a true copy of of the Line of Duty ("LOD") determinations issued to the plaintiff due to combat injuries incurred by the plaintiff while in a 'Title 10' status. Also included are related medical records.[66]

193. U.S. Senator Rand Paul failing to assist the plaintiff receive evaluation and treatment for PTSD and other combat related injuries from the Department of the Army, had tragic consequences less than two months later.

194. The defendant's gross misconduct and fraud, destroyed the plaintiff's mental health and his life.

## CAUSES OF ACTION

### COUNT 1
### FRAUD ON THE COURT
### (Vaughan v. Brigham)

195. The plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though set forth herein.

196. On September 9th, 2010 LTC Dylan Seitz filed a 'Motion to Quash' in Vaughan v. Brigham. Attached to this 'Motion to Quash' was an altered AR 15-6 Report of Investigation.

197. The 'Motion to Quash' was filled with willfully false and misleading assertions that were willfully blind and in reckless disregard of the truth regarding the plaintiff.

198. The KY Army National Guard and their counsel had an affirmative legal and ethical duty to acknowledge and disclose the missing page from the AR 15-6 Report of Investigation to the court and the plaintiff and to not mislead the court with the fraudulent 'Motion to Quash' and the attached altered AR 15-6 Report.

---

65 See Exhibit "B", Letter from Senator Rand Paul to the Plaintiff Michael Vaughan
66 'Statement of Medical Examination and Duty Status'

199. The KY Army National Guard withheld the missing page from the <u>altered</u> AR 15-6 Report of Investigation to commit the fraud that there were pending military disciplinary proceedings when the plaintiff filed Vaughan v. Brigham.

200. The KY Army National Guard withheld the missing page from the <u>altered</u> AR 15-6 Report of Investigation to commit the fraud that final administrative actions had not already been consummated when the plaintiff's subpoenas were issued May 4th, 2010.

201. The KY Army National Guard withheld the missing page from the <u>altered</u> AR 15-6 Report of Investigation to commit the fraud that the final administrative actions of; the plaintiff being relieved of his leadership position, and of him receiving a relief for cause referred officer evaluation report, and him being issued a letter of reprimand were not related to the AR 15-6 report of investigation.

202. The deceptive testimony of MAJ James Richmond of the KY Army National Guard, further perpetuated the fraud that the plaintiff had been found guilty of conduct unbecoming an officer, and the fraud that the plaintiff had been accorded procedural due process, and the fraud that the AR 15-6 report of investigation was legally sufficient.

203. The KY Army National Guard was aware that the information that they were still withholding, contained documents and testimony that was actionable by the plaintiff as it was <u>exculpatory</u> and <u>demonstrated</u> that the defendant's relieved him of his leadership position, issued him a relief for cause/referred officer evaluation report and a letter of reprimand arbitrarily and capriciously.

204. The fraudulent 'Motion to Quash' with the attached altered AR 15-6 report of investigation was filed in bad faith and for an improper purpose in order to thwart court ordered discovery so that misconduct would go undiscovered and thereby avoid future litigation.

205. The KY Army National Guard knew that by altering the AR 15-6 Report of Investigation and attaching it with the fraudulent 'Motion to Quash, that this would deceive the court into believing that the plaintiff had been found 'guilty of conduct unbecoming an officer' by a 'legally [in]sufficient military investigation' and destroy his credibility and avoid his subpoena's.

206. The sworn affidavit of Det. Michael Hirte was fraudulent and designed to perpetrate the fraud that the KY Army National Guard was assisting him with an open investigation PRIOR to Vaughan v. Brigham being filed and not after final administrative actions had already been taken against the plaintiff in which he had been willfully denied due process and after subpoenas had already been issued

207. The gross misconduct of the defendant the KY Army National Guard successfully deceived the court, shattered the plaintiff's credibility, avoided the plaintiff's subpoenas, thwarted court ordered discovery, that led to Vaughan v. Brigham being dismissed.

## COUNT 2
## (FRAUD ON THE COURT)
### (Administrative Procedure Act Lawsuit)

208. The plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though set forth herein.

209. The 'Motion to Dismiss' was filled with false and misleading assertions that were willfully blind and in reckless disregard of the truth regarding the AR 15-6 Report of Investigation and its relationship to the final actions taken against the plaintiff.

210. The defendant's were aware of the fraud they were committing in the federal courts.

211. The defendant's and their counsel had an affirmative legal and ethical duty to acknowledge and disclose the missing page from the AR 15-6 Report of Investigation to the court.

212. The defendant the National Guard Bureau joined the other defendants in participating in this fraud, by having SFC Marian Barry submit a fraudulent sworn declaration to the court.

213. This fraud by NGB included having Todd S. Milliard draft the 'Motion to Dismiss' for the Asst. U.S. District Attorney David Middleton.

214. The defendant's fraudulently positively <u>averred</u> in their 'Motion to Dismiss' that there was no relationship between the AR 15-6 Report and its relationship to the plaintiff being relieved of his leadership position and the resulting relief for cause/referred officer evaluation report.

215. The defendant the KY Army National Guard had repeatedly told the plaintiff that the AR 15-6 report of investigation was not used to relieve him of his leadership position and was not related to the resultant relief for cause/referred officer evaluation report.

216. The defendant's <u>fraudulently</u> averred that the letter of reprimand was never filed into the plaintiff's official military personnel file.

217. The missing page from the altered AR 15-6 report of investigation as submitted with the 'Motion to Quash' in Vaughan v. Brigham, directly links the AR 15-6 Investigation with the final agency actions of the plaintiff being; 1) relieved of his leadership position, 2) issued a relief for cause/referred officer evaluation report, 3) issued a letter of reprimand.

218. The defendant's willful blindness of the truth regarding the missing page and how it positively links the AR 15-6 ROI with the final agency actions represents a willful & intentional fraud directed at the judicial machinery of the court.

219. The defendant's were aware that the fraud committed in Vaughan v. Brigham had destroyed the plaintiff's credibility and used this knowledge to commit yet another blatant fraud on the court.

220. The defendant's actions <u>successfully</u> deceived the court and the APA lawsuit was dismissed.

## COUNT 3
### (SPOLIATION OF EVIDENCE)
### Administrative Procedure Act Lawsuit

221. The plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though set forth herein.

222. On August 3rd, 2012 the defendant's counsel filed a 'Motion to Dismiss' in the plaintiff's Administrative Procedure Act Lawsuit.

223. The 'Motion to Dismiss' had willfully false and misleading assertions that were willfully blind and in reckless disregard of the truth regarding a letter of reprimand filed into the plaintiff's official military personnel file.

224. The defendant's had control of the plaintiff's official military personnel file.

225. As final agency decisions related to the plaintiff's official military personnel file were being litigated, an automatic litigation hold was required to be placed on his military record.

226. The defendant's admittedly engaged in willful spoliation of evidence by violating an automatic litigation hold on the plaintiff's official military personnel file by removing the letter of reprimand.

227. Coupled with all of their other misconduct, the defendants demonstrated that their willful spoliation was in bad faith.

228. The defendant's counsels actions were designed to specifically affect the justiciability of the plaintiff's APA lawsuit and to thereby directly affect the plaintiff's Privacy Act Lawsuit

229. The defendant's spoliation rises to the level of bad faith destruction as the defendant's spoliation and fraud succeeded in adversely affecting the justiciability of the plaintiff's APA lawsuit, and the case was subsequently dismissed.

## COUNT 4
## (FRAUD ON THE COURT)
### (Privacy Act Lawsuit)

230. The plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though set forth herein.

231. On February 26th, 2013 the defendant's counsel filed a 'Motion to Dismiss' [Doc 37] in the plaintiff's Privacy Act Lawsuit.

232. The defendants admitted in their 'Motion to Dismiss' that the AR 15-6 Report of Investigation is a record as defined in 5 U.S.C. § 552a, also known as the Privacy Act.

233. The 'Motion to Dismiss' contained willfully false and misleading assertions that was willfully blind and in reckless disregard of the truth regarding the plaintiff and the AR 15-6 Report.

234. The defendant's counsel was aware of the missing/altered page from the AR15-6 Report of Investigation and how it was used to deceive the court in multiple lawsuits.

235. The defendant's had an affirmative legal and ethical duty to acknowledge and disclose the missing page from the AR 15-6 report of investigation to the court.

236. The defendants had an affirmative legal and ethical duty in their responsive pleadings, to inform the court that the altered AR 15-6 Report was incomplete, as it was missing a material page and that its disclosure to the court represented a Privacy Act violation.

237. The defendants had an affirmative legal and ethical duty in their responsive pleadings, to inform the court that the altered AR 15-6 Report was <u>inaccurate</u> and <u>untimely</u> as the plaintiff had been willfully refused the procedural opportunity to rebut the altered AR 15-6 ROI as required by Army Regulations and that its disclosure to the court represented a Privacy Act violation.

238. The defendants had an affirmative legal and ethical duty in their responsive pleadings, to inform the court that the altered AR 15-6 Report was <u>false</u> and <u>defamatory</u> as it was misleading as it misled the court in Vaughan v. Brigham into believing, that the plaintiff had been found guilty of conduct unbecoming an officer.

239. The defendant's successfully deceived the court in the Privacy Act Lawsuit and the case was dismissed.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff Michael Vaughan prays that this Court award him the following;

1) Find that the defendants individually and collectively concealed records from the court;

2) Find that the defendants individually and collectively deceived the court;

3) Find that the defendants individually and collectively committed a fraud on the court;

4) Declare that the defendants individually and collectively violated the Privacy Act & Freedom of Information Act;

5) Find that the defendant's willfully & intentionally denied the plaintiff due process with regard to the AR 15-6 Report of Investigation, relieving the plaintiff of his leadership position, issuing the plaintiff a relief for cause/referred officer evaluation report, and issuing him a letter of reprimand;

6) Find that the defendants engaged in Bad Faith evidence spoliation;

7) Find that the defendant, the KY Army National Guard, submitted a fraudulent affidavit from Michael Hirte, into the court record in Vaughan v. Brigham, in order to deceive the court;

8) Find that the 'Motion to Quash' was filed to thwart court ordered discovery in bad faith and for an improper purpose;

9) Set aside and vacate this courts 'Judgment' in KY E.D. 3:10-CV-5 'Vaughan v. Brigham';

10) Set aside and vacate this courts 'Judgment' in KY E.D. 3:12-CV-35 'Administrative Procedure Act Lawsuit';

11) Set aside and vacate this courts 'Judgment' in KY E.D. 3:12-CV-33 'Privacy Act Lawsuit';

12) Set aside and vacate this courts 'Order of Dismissal' in KY E.D. 3:12-CV-34 'FOIA Lawsuit';

13) Order preliminary and permanent injunctive relief and declaratory relief as appropriate;

14) Refer the defendant's officials responsible for violating the Privacy Act for prosecution under U.S.C. 5 § 552a(i)(1);

15) Award actual damages as provided in 5 U.S.C. § 552a(g)(4)(A) and the inherent powers of this court, the exact amount of which is to be determined at trial but is not less than $10,000,000;

16) Award punitive damages atop actual damages in an amount deemed just, along with interest, and costs incurred by the plaintiff;

17) Award reasonable costs and attorney fees as provided in 5 U.S.C. § 552(a)(4)(E), 5 U.S.C. § 552a(g)(3)(B), 28 U.S.C. § 2412(d), and the inherent powers of this court;

18) Sanction the KY Army National Guard $1,000 per day beginning September 9th, 2010;

19) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a) and;

20) grant such other relief as the Court may deem just and proper.


Respectfully submitted,

Dated this 13th day of February 2015

Michael Dean Vaughan
Plaintiff (Pro Se)
KCDC/1004544
3000 Decker Crane Ln.
Covington, KY 41017
http://www.facebook.com/treatmikev