**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

*ELECTRONICALLY FILED*

|  |  |
|---|---|
| **MICHAEL DEAN VAUGHAN,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 3:15-CV-6** |
|  | ) |
|  | ) **Judge: Gregory Van Tatenhove** |
|  | ) |
| **Kentucky Army National Guard,** | ) |
| **et al.** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |
|  | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

COMES NOW the United States of America, by and through counsel, and pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.) 12(b)(1) and Fed. R. Civ. P. 12(b)(6) moves for dismissal of this case or, in the alternative, transfer to the Hon. Judge Reeves.  The United States submits this motion on behalf of the Defendants, Kentucky Army National Guard (KYARNG), National Guard Bureau, and the United States Department of the Army.

*Pro Se* Plaintiff Michael Dean Vaughan ("Plaintiff") alleges that Defendants committed fraud and misrepresentations upon the court, thereby misleading the Court and improperly influencing the court to rule adversely against Plaintiff in all of his previous lawsuits.  [R. 3: Amended Complaint at 2-3].  His amended complaint focuses on an Army Regulation (AR) 15-6 Report of Investigation, which he alleges was altered, withheld, and used to deceive the Court in

prior litigation. [R. 3 at 2-3; R. 3-1: Exhibit A1; R. 3-1 Exhibit A2]. Plaintiff requests that the previous judgments be overturned, that the Court make several findings in his favor, and that he be awarded compensatory and punitive damages in a sum over $10,000,000.00. [R. 3 at 26-27].

As demonstrated below, Plaintiff's claims are barred through the doctrines of *res judicata* and collateral estoppel, as he raised the exact same issue that is the basis of this action in the prior litigation. Plaintiff's fraud claims are barred by the statute of limitations, his claim for punitive damages is barred by statute, he fails to state a claim regarding his allegations involving Senator Rand Paul, his remaining claims are inadequately pled, and all are subject to dismissal with prejudice. In the alternative, Defendants request that this case be transferred in the interest of justice to the Honorable Judge Danny C. Reeves, as he is familiar with the factual and procedural history of the five prior lawsuits filed by Plaintiff.

## I. BACKGROUND

Plaintiff has been in this Court on five prior occasions, each time making nearly identical allegations against nearly the same parties. In February 2010, Vaughan filed *Vaughan v. Brigham et al.*, E.D. KY No. 3:10-cv-0005-DCR (*Vaughan I*), a complaint naming Elizabeth Brigham as a defendant and alleging defamation, false light, and intentional infliction of emotional distress. [A47.][1] Within a few months, on August 16, 2010, Mr. Vaughan sued Colonel (COL) Rodney Hayes of the Kentucky Army National Guard (KYARNG), again alleging claims of defamation, false light, and intentional infliction of emotional distress. [A39, A49]; *see Vaughan v. Rodney Hayes et al.*, No. 3:10-054-DCR (*Vaughan II*).[2] Each case arose

---

[1] An Appendix containing the previous Court rulings and other filings in Plaintiff's prior lawsuits is attached for ease of reference for the Court. The Appendix will be referenced as "A," followed by the appropriate page number.
[2] On October 18, 2012, the Court sustained the Attorney General's motion to substitute the United States as a party defendant in place of Hayes in accordance with 28 U.S.C. § 2679. [Civil Action No. 3: 10-054-DCR; Record No. 45].

from the KYARNG initiating an investigation and thereafter pursing disciplinary action against Vaughan, focused on his conduct in pursuing a relationship with Brigham, while married, and then posting and distributing pornographic images of Brigham after their relationship had ended. [A46-A55]. During *Vaughan I*, Brigham failed to answer Vaughan's complaint, resulting in a default judgment against her. [A74]. Instead of accepting the default judgment, Plaintiff pursued Court-ordered discovery of the KYARNG, [A12, A47], leading the KYARNG to file a motion to quash, [A21-A29], which was granted. [A11]. On June 28, 2011, Judge Reeves found that Vaughan had committed perjury, and as a result, dismissed *Vaughan I* on July 5, 2011. [A8-A20]. Thereafter, on July 15, 2011, the Court denied Plaintiff's Motion for Reconsideration. [A32-A34]. Plaintiff appealed the *Vaughan I* decision to the Sixth Circuit Court of Appeals, which affirmed the District Court's opinion on May 9, 2012. [A1-A7].

On December 5, 2012, Judge Reeves dismissed *Vaughan II* with prejudice, due to Vaughan's failure to exhaust his administrative remedies under the Federal Tort Claims Act and based upon sovereign immunity. [A37-A45]. Plaintiff appealed the *Vaughan II* decision to the Sixth Circuit Court of Appeals, which dismissed Plaintiff's case for failure to prosecute on February 14, 2013. [A35-A36].

On March 5, 2012, Plaintiff had filed *Vaughan v. KY Army National Guard, et al.*, Civil Action No. 3:12-33-DCR (*Vaughan III*) in the United States District Court for the District of Columbia, which transferred it to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391. [A51]. Upon transfer, Plaintiff filed an Amended Complaint in *Vaughan III*, suing the United States Department of the Army and the Kentucky Army National Guard, alleging that they violated his rights under the Privacy Act by disseminating records related to the Brigham investigation without providing him an opportunity to rebut statements he claimed were false and

malicious. [A51-A52].  On May 1, 2013, the Court dismissed Plaintiff's Privacy Act claims, with prejudice, finding that the records were properly turned over to the Justice Department, and that department may file such records in court proceedings where the records are relevant to the matters at issue.  [A53-A55].

On March 26, 2012, Plaintiff filed *Michael Dean Vaughan v. Ky. National Guard Bureau, et al.* Civil Action No. 3:12-034-DCR (*Vaughan IV*) in the United States District Court for the District of Columbia, alleging Freedom of Information Act violations and Privacy Act violations; this action was also transferred to the District Court for the Eastern District of Kentucky.  [A49-A51].  Plaintiff moved to dismiss the action, with prejudice, after receiving copies of the documents at issue in the litigation.  [A57-A59].  The Court granted his motion on August 24, 2012. [A56].

Lastly, on May 2, 2012, Plaintiff filed *Michael Dean Vaughan v. Ky. Army National Guard, et al.*, Civil Action No. 3:12-035-DCR (*Vaughan V*), alleging violations of 42 U.S.C. § 1983, claims asserting equitable estoppel and laches; violation of the due process clause of the Fifth and Fourteenth Amendments; and claims under the Administrative Procedures Act (APA), which was also transferred to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391. [A61-A62].  Specifically, Plaintiff alleged the following improper conduct by the same defendants in this case: (1) production of the report of investigation pursuant to Army Regulation (AR) 15-6; (2) issuance of a letter of reprimand to Vaughan; (3) issuance of a relief-for-cause Officer Evaluation Report to Vaughan; (4) suspension of Vaughan's military security clearance; and (5) holding a Withdrawal of Federal Recognition Hearing.  [A63].  On January 18, 2013, Judge Reeves dismissed, with prejudice, Plaintiff's claims regarding the AR 15-6 Report of Investigation, the letter of reprimand, and the Officer Evaluation Report.  [A71].

4

## II. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action for lack of subject matter jurisdiction. Once challenged, the plaintiff has the burden of establishing subject matter jurisdiction to survive the defendant's Rule 12(b)(1) motion to dismiss. *Giesse v. Sec'y of Dept. Of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008. In reviewing a Rule 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. If a court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

While *pro se* plaintiffs are held to a "less stringent standard than formal pleadings drafted by lawyers," *Ridgeway v. Ky.*, 510 F. App'x 412, 413 (6th Cir. 2013), *pro se* complaints must

still "satisfy the 'facial implausibility' standard articulated in *Twombly* and *Iqbal*." *Tunne v. Hendrick*, No. 5:10-cv-00181 (JMH), 2012 WL 3644825, at *4 (W.D. Ky. Aug. 24, 2012) (citing *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010)).

## III.  ARGUMENT

Plaintiff's claims in this matter are barred by the doctrines of *res judicata* and collateral estoppel. Although Plaintiff classifies his suit as "fraud upon the court," he is merely attempting to re-litigate the same issue filed in numerous previous cases already disposed of; his challenge is one to this Court's final judgments.  In fact, Plaintiff's amended complaint undermines the very basis of his claim of fraud upon the Court; throughout it, he claims that the AR 15-6 report of investigation was "altered" and "concealed" from the Court and that the "missing page" is responsible for the Court's ruling in his prior federal cases.  But Paragraph 65 of Plaintiff's Amended Complaint directly contradicts that allegation.  According to Plaintiff, the document was not concealed from the Court because he mentioned it, provided it, and "explain[ed] this official military document's significance to his case."  [R. 3 at ¶ 65.]  Plaintiff, therefore, admits that the Court knew about this document but still ruled against him. Thus, Plaintiff's own admission shows that his "fraud on the court" claim is nothing more than a ruse to get "a second bite out of the apple" and re-argue his claims before this Court.  The doctrines of *res judicata* and collateral estoppel prohibit him from getting this "second bite."

### A.  Plaintiff's Claims Should Be Dismissed Under the Doctrines of *Res Judicata* and Collateral Estoppel

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The purpose of this doctrine is to "promote the finality of judicial determinations, to foster reliance on judicial decisions by minimizing the

6

possibility of inconsistent decisions, to conserve judicial resources, and to spare adversaries the vexation and expense of redundant litigation." *Rodriguez v. U.S. Citizenship & Immigration Serv.*, 605 F.Supp.2d 142, 147 (D. D.C. 2009). "In short, parties 'may not re-litigate any ground for relief which they already have had an opportunity to litigate-even if they chose not to exploit that opportunity' in the prior suit." *Id.* (*citing Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). *Res judicata* also precludes the assertion by such parties of any legal theory, cause of action, or defense, which could have been asserted in that action.

Similar to *res judicata*, issue preclusion or collateral estoppel precludes repeat litigation of an issue that was necessarily determined in a previous case. "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *McCurry*, 449 U.S. at 90. Collateral estoppel emanates from a requirement that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation that previously has been considered by a competent tribunal. Issue preclusion bars actions when there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 323-324 (1971); *see also Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981).

In his amended complaint, Plaintiff admits that he previously raised this issue of the allegedly "altered" AR 15-6 report of investigation to the Court in *Vaughan V.* [R. 3 at ¶ 65.] Specifically, he states that "repeatedly mention[ed] and attach[ed] the missing page from the AR 15-6 report of investigation and explain[ed] this official military document's significance to his case" in both his First Amended Complaint and Response in Opposition to Defendant's Motion

7

to Dismiss in *Vaughan V*. [*Id*.]. He first raised this issue and made the same arguments he makes in the instant case, in an amended complaint filed on July 3, 2012 [A126-A127, at ¶54], and again on August 31, 2012 [A94, A96]. Clearly, Plaintiff is seeking to re-litigate an issue that he "repeatedly" raised, prior to the dismissal of four out of his five suits, and therefore, his claim is barred. *McCurry*, 449 U.S. 94.

In *Vaughan I* and *Vaughan II* Plaintiff sued Ms. Brigham and COL Hayes, respectively, for intentional torts. During the proceedings, the Kentucky National Guard, and the United States Attorney's Office (on behalf of the Government) intervened in the suit with Vaughan due to the filed motion to quash. Indeed, on October 18, 2012, the Court granted the Attorney General's motion to substitute the United States as a party defendant in place of Hayes in accordance with 28 U.S.C. § 2679. Additionally, in *Vaughan III, Vaughan IV, and Vaughan V*, Plaintiff sued the Kentucky National Guard, the United States Army, and the National Guard Bureau, the very same parties appearing as Defendants in this case.

*Vaughan III, IV, and V* involved the same claims and cause of action Plaintiff seeks to re-litigate, disguised under the "fraud" veil. Indeed, Plaintiff's complaint attacks *Vaughan I* in his first count. [R. 3 at ¶¶ 195-207]. Plaintiff's second and third counts attack the same claims asserted in *Vaughan V*. [R. 3 at ¶¶ 208-229]. Plaintiff's third count attacks the same claims asserted in *Vaughan IV*. [R. 3 at ¶¶ 221-229]. Plaintiff's fourth count attacks the same claims asserted in *Vaughan III*, claims dismissed by the Plaintiff himself in *Vaughan IV*. [R. 3 at ¶¶ 230-239]. Indeed, in Plaintiff's prayer for relief, he specifically requests that the Court set aside its various prior judgments. [R. 3 at 26].

*Vaughan I, II, III, IV,* and *V* all resulted in final judgments issued by a Court of competent jurisdiction. *Vaughan I* was dismissed with prejudice on July 5, 2011. [A8-A20].

8

Plaintiff's reconsideration request was denied on July 15, 2011. [A32-34]. *Vaughan II* was dismissed, with prejudice, on December 5, 2012. [A37-A44]. *Vaughan III* was dismissed on May 1, 2013. [A46-A55]. *Vaughan IV* was dismissed, by Plaintiff, on August 24, 2012. [A56-A59]. *Vaughan V* was dismissed, with prejudice, on January 18, 2013. [A60-A73].

Applying the *Blonder-Tongue* factors, the present case involves actions that have had prior litigation, and the claims raised here involve the same claims or causes of action. Plaintiff raises his Privacy Act Suit, FOIA Suit, APA Suit, the AR 15-6 investigation, and issues from *Vaughan v. Brigham*. This case involves "the same parties or their privies," and there were final, valid judgments on the merits regarding Plaintiff's issues, adjudicated by this Court, which was one of competent jurisdiction. Therefore, Plaintiff's claims should be dismissed with prejudice.

**B.  Plaintiff's Claim of "Fraud" Is Barred By The Procedural Bar of Fed. R. Civ. P. 60(c) and Does Not Meet the Standards To Bring A Separate Cause of Action For Relief**

Reading Plaintiff's complaint in the light most favorable to a *pro se* litigant, Plaintiff's only legitimate argument would be that his case is merely a consolidated motion pursuant to Fed. R. Civ. P. 60(b)(3) or Fed. R. Civ. P. 60(d). Rule 60(b)(3) allows a party to seek relief from an order or judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by opposing party." Fed. R. Civ. P. 60(b)(3). In order to obtain relief under Fed. R. Civ. P. 60(b)(3), Plaintiff must "demonstrate 'by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct.'" *Daniel v. DTE Energy Co.*, 592 F. App'x 489, 490-491 (6th Cir. 2015) (quoting *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

Fed. R. Civ. P. 60(c) requires that any motion for relief from a judgment based on fraud under Rule 60(b)(3) must be made within a reasonable time, no more than a year after the entry of the judgment or order or the date of the proceeding. Plaintiff's current suit was filed on

9

February 19, 2015, almost two years after the last court decision in any of Plaintiff's previously-filed cases.  Plaintiff's last case, *Vaughan V*, was dismissed on May 1, 2013.  [A46-A55].  Therefore, Plaintiff has failed to timely file and his case should be dismissed, with prejudice, because it is procedurally barred.

However, an exception to the time limitation exists in Fed R. Civ. P. 60(d) where a court possesses the power to "(1) entertain an independent action to relieve a party from a judgment, order or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court."  In *Johnson v. Bell*, 605 F.3d 333 (6th Cir. 2009), the court articulated the proper criteria to prove fraud on the court.  This would consist of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.  *Carter [v Anderson*,] 585 F.3d [1007] at 1011 (6th Cir. 2009). . . . Petitioner has the burden of proving existence of fraud on the court by clear and convincing evidence. *Id.* at 1011-12 (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir.2008))." *Green v. Bank of Am. Corp.*, 530 F. App'x 426, 431 (6th Cir. 2013) (quoting *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010)) (internal citations omitted).

At best, Plaintiff attempts to raise a fraud argument pursuant to Fed. R. Civ. P. 60(b)(3) or Fed. R. Civ. P. 60(d), appearing to argue that if the Court had been provided with the AR 15-6 report of investigation containing annotated recommendations from the investigating officer, the Court would have seen Plaintiff in a more favorable light and not dismissed his numerous subsequent lawsuits.  However, Plaintiff admits in his amended complaint that the Court *was* provided with this document and the arguments he makes herein, but simply ignored it.  [R. 3 at

¶ 65].  Given Plaintiff's apparent argument, Plaintiff's complaint would have to be brought pursuant to Fed. R. Civ. P. 60(d)(1) or (3).  Otherwise, as described above, his claims are precluded.

Courts are hesitant to overlook the doctrines of *res judicata* and issue preclusion and permit untimely suits under FRCP 60(d).  Indeed, the Supreme Court has held that relief under Rule 60(d), which does not contain the one-year time limit applicable to motions under Rule 60(b), is reserved for "cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata."  *United States v. Beggerly*, 524 U.S. 38, 46, (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)); *see also Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012).  The *Beggerly* court held that "under the Rule [Fed. R. Civ. P. 60(d)], an independent action should be available only to prevent a grave miscarriage of justice." *Beggerly* at 47.  However, courts are hesitant to apply such a drastic remedy and allow claimants to continue to re-litigate the same issues against the same parties.

As stated in *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), "a district court need not…accept as true legal conclusions or unwarranted factual inferences."  Plaintiff's claims amount to nothing more than unsupported assertions and conclusions.  Conveniently, Plaintiff fails to specify, in his amended complaint and attachments, when he received the document that he attached as Exhibit A1.  As set forth above, however, he had it in his possession prior to July 3, 2012, when he brought it to the Court's attention in his prior litigation.  He has not shown any justification for delaying the filing of the present action nearly three years later, beyond the one year period contemplated by Rule 60(c).

11

Plaintiff asserts that one comment on this document, if included, would have swayed the sitting judge in each of his cases to render favorable decisions for him. [R.3 at 2-3; ¶¶ 38-43, 45-46, 50-51, 75-77, 93-99, 107-108, 112-114, 121-123, 126-136, 144-147, 178, 196-201, 205-206, 217-220, 231-239.] However, Plaintiff fails to account for the numerous articulated reasons why the judge dismissed all of his previous cases. In *Vaughan I*, after determining that Plaintiff had committed perjury, the Court stated,

> "Perjury will not be tolerated. And using the federal court as a means for retaliation, harassment, and the fulfillment of personal vendettas will likewise not be tolerated. Vaughan has acted in bad faith and he has abused the litigation process. Under the circumstances, the only appropriate remedy is outright dismissal of his action."

[A19.] The Court did not base its decision to dismiss Plaintiff's claims solely on the documents submitted by Defendants, but by Plaintiff's conduct throughout the litigation. Specifically, Plaintiff's false statements, under oath, caused the court to view him in an unfavorable light. For this reason, it is unsurprising that Plaintiff's submission of an un-redacted copy of the AR 15-6 investigation and arguments about the incompleteness or alteration of this document failed to alter the outcome of the prior litigation.

Throughout Plaintiff's 239-paragraph complaint, Plaintiff cannot prove the essential element of fraud, that any of the Government agencies intentionally rendered false information in order to deceive the Court. Plaintiff submits assertions and broad allegations, but proffers no substantive proof of malicious intent. Moreover, as he admits that he "repeatedly mention[ed] and attach[ed] the missing page from the AR 15-6 report of investigation and explain[ed] this official military document's significance to his case," [R.3 at ¶ 65], he cannot now assert that the Court was actually deceived. Therefore, Plaintiff's fraud allegations should be dismissed with prejudice.

Even taking Plaintiff's alleged facts as true, that the Government intentionally submitted a redacted AR 15-6 report of investigation to this Court in connection with the motion to quash, this set of facts is analogous to the facts in *United States v. Beggerly.*  Similar to this case, the *Beggerly* Court considered whether the Government had failed to furnish relevant information. In that case, the Supreme Court held that, "[i]f relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year time limit on such motions would be set at naught."  *Beggerly* at 46. The alleged facts in this case are similar to those in *Beggerly* and the *Beggerly* reasoning applies. Therefore, Plaintiff had the obligation to bring this suit within the one-year time frame under Fed. R. Civ. P. 60(b)(3) and 60(c); as he failed to do so, Plaintiff's suit is barred.

### C.  Plaintiff's Claim Alleging Misconduct In Communicating With Senator Rand Paul Should Be Dismissed Under FRCP 12(b)(6)

Plaintiff makes several allegations relating to communications alleged to have occurred between the KYARNG and Senator Rand Paul's office, although he maintains that "this instant action centers on the altered/missing page" of the AR 15-6 report. [R. 3 at 3, ¶¶ 188-194.] Defendants deny any wrongdoing in the handling of Plaintiff's case with Senator Paul's office. This was a constituent inquiry, not a "case."   However, even reading Plaintiff's amended complaint in the most favorable light, Plaintiff's allegations on this issue fail to state a claim upon which relief can be granted and any prayer for relief regarding this claim should be dismissed under Fed. R. Civ. P. 12(b)(6).[3]

---

[3] Plaintiff has failed to allege sufficient facts under the Federal Tort Claims Act (FTCA) to meet the minimum requirements of Fed R. Civ. P. 8.  As to any claim for relief under the FTCA, the government would assert the defense of sovereign immunity in such a suit.

**D.  Plaintiff's Remaining Claims**

To the extent that the Court, construing Plaintiff's *pro se* pleading liberally, finds legal theories not covered in this motion to dismiss, those potential claims should also be dismissed as they fail to satisfy the minimal pleading requirements of Rules 8(a) and 9(b).  Contrary to the requirements of Rule 8, Plaintiff's amended complaint is a recitation of incomprehensible allegations and conclusory statements, which are imprecise, unclear and fail to afford federal defendants an adequate opportunity to discern what actions were alleged to have been taken. The nature of this pleading is such that the defense is precluded from framing the meaningful response envisioned by Fed. R. Civ. P. 8(b).

Although complaints drawn by *pro se* litigants are held to a less stringent standard than those drawn by legal counsel, there remains a limit to judicial indulgence with such plaintiffs. *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litigation*, 94 F.R.D. 105, 108 (D. Nev. 1982); *United States ex rel. Dattola v. National Treasury Employees Union*, 86 F.R.D. 496, 499 (W.D. Pa. 1980).  Plaintiff's amended complaint is lacking in relevant dates, concrete facts or specific allegations upon which the alleged unlawful activities can be predicated. *Cf. Chodos v. FBI*, 559 F. Supp. 69, 71-72 (S.D. NY 1982); *In re Santa Barbara*, 94 F.R.D. at 108.  Moreover, the amended complaint is redundant and vague and includes extensive discussion of incongruous events that seem to have no logical or coherent place in the complaint. *See Burton v. Peartree*, 326 F. Supp. 755, 758 (E.D. Pa. 1971).

Plaintiff's amended complaint appears to challenge virtually everything that has allegedly happened to him over a period of over five years. Even liberal construction of Rule 8 cannot turn Plaintiff's unsupported allegations into a comprehensible statement. It would be patently unfair to the Defendants to permit Plaintiff to pursue the claims as stated in his amended complaint.

14

Therefore, the complaint and Plaintiff's action should be dismissed in its entirety. *See e.g., United States ex rel. Dattola*, 86 F.R.D. at 499.

Additionally, Plaintiff's prayer for relief includes a claim for punitive damages. [R. 3 at 27.] However, 28 U.S.C. § 2674 states that the United States "shall not be liable for interest prior to judgment or for punitive damages." *Id.* Therefore, this section of Plaintiff's prayer for relief is barred and this Court does not have jurisdiction over Plaintiff's claim for punitive damages.

### E.  Alternatively, the Court Should Transfer This Matter to the Hon. Judge Reeves

In the alternative, the Court should transfer this case to the Hon. Judge Reeves. Local Civil Rule (LCR) 3.2(f) permits this court to transfer this case in the interest of justice. The Honorable Judge Danny C. Reeves is familiar with the procedural history of the prior five cases filed by Plaintiff. He adjudicated Plaintiff's similar lawsuits and could also determine whether these suits are barred by the doctrines of *res judicata* or collateral estoppel. Moreover, Judge Reeves would be able to articulate whether any issues with the AR 15-6 report (1) influenced his opinion of Plaintiff and caused him to hold Plaintiff in an adverse light and (2) constituted "fraud on the court." Therefore, Defendants request, in the alternative, that this case be transferred to the Hon. Judge Reeves.

### IV.  CONCLUSION

Accordingly, for all of the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety. In the alternative, Defendants request that this Court transfer this case to the Honorable Danny C. Reeves.

Respectfully submitted,

KERRY B. HARVEY
United States Attorney

15

/s/ Callie R. Owen
Callie R. Owen
Assistant United States Attorney
U.S. Attorney's Office
Eastern District Of Kentucky
260 W. Vine Street, #300
Lexington, Kentucky 40507-1612
(859) 233-2661; fax (859) 233-2533


Of Counsel:
CPT Daniel D. Hill
Litigation Attorney
Military Personnel Branch
U.S. Army Litigation Division
9275 Gunston Road, 3rd Floor
Ft. Belvoir, VA 22060-5546