U.S. District Court
Eastern District of Kentucky
Central Division
(Frankfort)

Michael Dean Vaughan - Plaintiff

versus

Kentucky Army National Guard, et al. - Defendants

Civil Action No. 3:15-CV-6

Judge: Gregory Vantatenhove

Eastern District of Kentucky
FILED
NOV - 4 2015
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Plaintiff's Response in Opposition to: "Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer"

For six years the plaintiff has been diligently working to clear his name. During the same six years, the defendants have been willfully denying the plaintiff the documents to do so and prove the defendants misconduct. However, in December of 2014, the plaintiff received access to thousands of e-mails with hundreds of attached documents and voicemails-- from the Kentucky Army National Guard's Staff Judge Advocate Generals Office. This eye opening, new probative evidence was the catalyst for this lawsuit.

To improve understanding by the court of the acronyms and due process issues that are at the root of this case, the plaintiff has attached exhibits for the court to use as a quick reference. Exhibit 'B1' is a list of the 'Final Administrative Actions Matrix'; that shows The Action, the Rules, and what actually occurred. Exhibit 'B2' is a simple bulletted 'Matrix' of the five lawsuits and the misconduct committed by the defendants in each case. Exhibit 'B3' is a terms and definitions list to explain the archaic military acronyms used in the amended complaint and this "response in opposition..." Additionally, the plaintiff heavily uses footnotes to ensure readability and reference various exhibits.

For the court to fully comprehend the magnitude of the misconduct of the defendants, this court must understand the mechanics and the 'why' of frauds committed in the plaintiff's Administrative Procedure Act Lawsuit[FN1] and the Privacy Act Lawsuit[FN2]. The plaintiff begins with a newly uncovered fraud that was spearheaded by the U.S. Justice Department.

Footnotes:
FN1  KYE.D. 3:12-CV-35
FN2  KYE.D. 3:12-CV-33

U.S. Justice Department Fraud on the Court

[NEW] Privacy Act Lawsuit: KYE.D. 3:12-CV-33

## Introduction

When the 'Motion to Quash' was Filed in Vaughan v. Brigham [Fn3] on September 9th 2010, the U.S. Justice Dept. did not represent the KY Army National Guard. Nor did the Justice Dept. File the 'Motion to Quash' or possess the altered/incomplete August 2009 AR 15-6 Report of Investigation. Moreover, the U.S. Attorneys office was surprized by the Filing of the Motion to Quash and questioned the legality of Department of Defense Attorneys having filed the Motion to Quash versus the U.S. Justice Dept. However, this was not what this court was led to believe with the Filing of the defendant's 'Motion to Dismiss' (Doc 37) in the Privacy Act Lawsuit. [FN4]

## Procedural History

On August 26th 2010, the Hon. Judge Reeves in Vaughan v. Brigham, ordered the KY Army National Guard to comply with the plaintiffs subpoena duces tecum. [FN5] On September 9th 2010, LTC Dylan Seitz Filed the "U.S. Army's Motion to Quash..." [FN6] Attached to this Motion to Quash was the altered/incomplete copy of the Privacy Act Protected Aug 09 AR 15-6 Report of Investigation.

On February 26th 2013, the U.S. Justice Dept., on behalf of the defendants, Filed a 'Motion to Dismiss' (Doc 37) in the plaintiffs Privacy Act Lawsuit. Within this Motion to Dismiss, the assistant U.S. Attorney David Middleton <u>Falsely</u> informed the court that; the defendants had turned over the Aug 09 AR 15-6 Report of Investigation and that the Justice Department was responsible for the disclosure of this document when the Motion to Quash was Filed in Vaughan v. Brigham.

Having been deceived by the Justice Dept. and the defendants; on May 1st 2013, the Hon. Judge Reeves pertinently states in his order of dismissal [FN7] that "The defendants contend that they have not violated the privacy act because the records in issue were properly turned over to the Justice Dept. and that department may File such records in court proceedings where the records in issue are relevant to the matters being litigated." Judge Reeves continues; "The defendants are correct in their Arguments, therefore their Motion [to dismiss] will be granted."

Footnotes: FN3  KYE.D. 3:10-CV-35, Doc 35
FN4  KYED. 3:12-CV-33, Doc 37
FN5  KYE.D. 3:10-CV-5, Doc 34
FN6  KYE.D. 3:10-CV-5, Doc 35
FN7  KYE.D. 3:12-CV-33, Doc 38, Pg8; See also pg9 "The records in issue were properly disclosed For routine use by the department of Justice in defending this action." [This was False]
See also Exhibit B4

PG 2

Timeline :

Sep 9th, 2010
Filing of Motion to Quash
in Vaughan v. Brigham

Sep 24th 2010
'Max' E-mail

Sep 27th 2010
Voicemail, LTC Seitz e-mail

Sep 28th 2010
Motion to Quash Hearing

## Evidence of the Fraud

On September 24th 2010, LTC Dylan Seitz received an e-mail from Maximo Gonzalez 'Max'. [FN 8] This e-mail pertinently states; "I spoke with COL Sam Morris 'USALSA' and he concurred that the local U.S. Attorneys office should be notified to argue the propriety of the Touhy response." On September 27th 2010, LTC Dylan Seitz responded [FN 9] back to 'Max'; "I anticipate that the judge will dismiss the entire matter... hopefully with rule 11 sanctions against the plaintiff." LTC Seitz further states; "If it is not dismissed, I believe the U.S. Attorneys office will pickup the representation."

Again the same day and 18 days after the 'Motion to Quash' had been Filed in Vaughan v. Brigham, On September 27th 2010, David Middleton with the Justice Department, left a voicemail [FN 10] with LTC Dylan Seitz. This voicemail pertinently states; "This is David Middleton with the U.S. Attorney's office. If you can give me a call at 859-685-4830. I would like to get a copy of the memo that I guess was filed under seal."

<u>Plaintiff's Note</u>: As of Sep 27th, 2010, there was nothing filed that required sealing in Vaughan v. Brigham other than the Motion to Quash and its attached Privacy Act Protected AR 15-6 Report of Investigation. Nor did the Justice Dept. represent the KY Board.

David Middleton continues his voicemail; "Finally, at some point I would like to talk to you about the question of; is there authority for Department of Defense attorneys [who] are the ones who can file a 'Motion to Quash' under certain circumstances or if it was that the Dept. of Justice should have made the 'Motion to Quash' in the First Place."

## In Summary

The Justice Dept. willfully deceived the court claiming that they versus the defendant the 'KY Army National Guard' had submitted the Motion to Quash with the Privacy Act Protected AR 15-6 Report in Vaughan v. Brigham. This was intentionally False and designed in order to avoid the Routine use-disclosure regulations of the Privacy Act, that would never allow the disclosure of the Privacy Act Protected

Footnotes: FN8 Exhibit B5
FN9 Exhibit B6
FN10 Exhibit B7, Audio File is on Exhibit A-CD Rom as '27Sep10_voicemail_EX B7. WAV' & as 'VOICE ATT. WAV'
Also Exhibit B8 is the voicemail transcript,

altered/incomplete AR 15-6 Report of Investigation. Further, this disclosure would also be prohibited as the plaintiff had been arbitrarily and capriciously denied the opportunity to rebut the AR 15-6 report and subsequent administrative actions. FN11

This willful and intentional misrepresentation by the U.S. Justice Department deceived the court and the plaintiff's meritorious Privacy Act Lawsuit was dismissed with prejudice.

Consequently, for the foregoing reasons, the plaintiff Moves this Court to add the necessary and required fourth defendant to this lawsuit; The U.S. Justice Dept.

The plaintiff Further Moves this Court to Find and Declare that the defendant's Motion to Dismiss' (Doc 37) Filed in the plaintiff's 'Privacy Act Lawsuit (KYE.D 3;12-cv-33) was Filed in Bad Faith and For an Improper Purpose to willfully deceive this court, which the misconduct of the defendant's Successfully deceived the court and the plaintiff's meritorious Privacy Act Lawsuit was dismissed.

The Plaintiff Further Moves this Court to Find and Declare that the Filing of the 'Motion to Quash' and all attachments represented a Privacy Act Violation committed against the plaintiff Michael Vaughan.

<u>U.S. Justice Department 'Fraud on the Court'</u>
Administrative Procedure Act Lawsuit (KYE.D. 3:12-cv-35)

## <u>INTRO</u>

The Justice Dept. and the defendants willfully deceived the court by stating in their 'Motion to Dismiss' (Doc 14) FN12 that there was no relationship between the Aug AR 15-6 Report and the final Administrative actions that were the subject of the APA lawsuit. Therefore, the defendants argued that the Plaintiff was not entitled to due process. This was willfully False.

Footnotes: FN11: Relief From Leadership position, Relief For Cause/Referred Officer Evaluation Report, Brigade Letter of Reprimand,
FN12: KYE.D. 3:12-cv-35

The defendants emails and documents show that not only were the defendants aware of the direct link between the AR 15-6 Report and the Final Administrative actions, but they knew they were "Hosed" unless they could come up "with another theory to defeat that claim."[FN13] The defendants chosen course of action was to willfully deceive the court and to intentionally spoliate evidence relevant to the causes of action and underlying reasons of the plaintiffs Administrative Procedure Act Lawsuit.

Interestingly enough, the defendants assert the defenses of; Collateral Estoppel, Res Judicata, and the statute of Limitations. Not one of these defenses apply when the basis of any action by a court is based upon a foundation of Fraud. As the defendants have engaged in misconduct designed to withhold the evidence the plaintiff required until recently, The plaintiff counters with the 'Doctrine of Laches.' As the defendants misconduct prejudiced the plaintiffs ability to prove his causes of action and make his record. Additionally, the Statute of Limitations is inapplicable as the plaintiff filed suit within 45 days of receiving the emails in December of 2014 that this lawsuit is based upon.

The plaintiffs point in his amended complaint, is that the 'Motion to Dismiss' was filed for an improper purpose to intentionally deceive the court. The defendants did in fact deceive the court and the plaintiffs meritorious Administrative Procedure Act lawsuit was dismissed.

## Evidence of the APA Fraud

As in the Privacy Act Lawsuit, the U.S. Justice Department was an active participant with the defendants in deceiving the court. As shown in Exhibit B1 "Final Administrative Actions Matrix"; as the plaintiff was relieved of his leadership position... based on an informal Ar 15-6 Report of Investigation -- the plaintiff was required to have the AR 15-6 Report referred to him prior to him being relieved. The Same Referral of the AR 15-6 Report was also required to have been referred to the plaintiff for the "Relief For Cause / Referred Officer Evaluation Report," and for the 'Brigade Letter of Reprimand.' This referral never happened. Nor was a Legal Review completed as required for the AR 15-6 Report or any of the subsequent administrative actions taken against the plaintiff.

Footnotes: FN 13: See Amended Complaint, Para 6B - Doc 3, Pg 10

On June 21st 2012, the plaintiff Michael Vaughan sent MAJ Michael Roberts an e-mail which[FN14] pertinently states "Thank you for the documents that you sent me that I received today. You advised on the phone last Friday that you sent me everything you had." Plaintiff further stated; " However, you neither sent the memorandums that LTC Bell... or the plaintiffs memorandums ... nor how LTG Bednarek took into account all of the procedural and substantive due process violations or most importantly of all... the memorandum of Legal Sufficiency that was required to be filed with the AR 15-6 Report of Investigation for the informal investigation that was conducted." The Plaintiff further stated "Furthermore, the transcript of the proceedings[FN15] you sent me has a number of issues 1) the testimony appears doctored as testimony appears to have been changed. 2) furthermore, questions I explictly asked and the corresponding answers were not part of the transcript and are missing, 3) and it is missing the audio recording so I can cross check for accuracy."

## The Missing Page

Moments later, the plaintiff made an astounding discovery and on June 21st 2012; sent an e-mail[FN16] to David Middleton and the plaintiffs military chain of command that pertinently states "Attached is the missing page from the AR 15-6 Report of Investigation that occurred and was completed in Aug of 2009. I just saw this document today for the first time today when 1st Army was kind enough to send everything they have."

Plaintiffs Note: As of June 21st 2012, the U.S. Justice Dept. was explicitly aware of the direct link between the Aug 09 AR 15-6 Report and the final administrative actions that were the subject of the APA Lawsuit.

On June 22nd 2012, MAJ Michael Roberts responded[FN17] to the plaintiffs June 21st 2012 e-mail by forwarding the e-mail with his response to; LTC Dylan Seitz and Todd Milliard. MAJ Roberts email pertinently states "LTC Seitz/Todd: Below is an e-mail that 1LT Vaughan sent me in response to my mailing of the record of the proceedings to him. After discussing the matter with the SJA, I will not be sending 1LT Vaughan any response. My thoughts: 1) No response is legally required. 2) I sent him everything we have on file that took place at the board. 3) His and counsels extra-procedural submissions were not considered by anyone at 1A [1st Army] because of the

Footnotes: FN14: Exhibit B9
FN 15: For the July 9th 2011 Withdrawal of Federal Recognition Board Hearing Transcript that involved the plaintiff.
FN16: Exhibit B10
FN17: Exhibit B11 + with Ex.B9

uncorrectable defects of the board...". MAJ Roberts continues "4) We are not in possession of any legal review of the original 15-6 and therefore do not have it to provide him. 5.) I am not addressing his claims concerning the transcript." FN

This newly uncovered e-mail of MAJ Roberts has new probative evidence that was willfully withheld from the court and the plaintiff. This evidence was directly relevant to the causes of action in the APA lawsuit. This new evidence raises several questions that must be immediately addressed; 1) How did 1st Army get a copy of the complete AR 15-6 Report when the incomplete version of the AR 15-6 Report was used to initiate the Withdrawal of Federal Recognition Board.[FN18] Moreover, how did 1st Army get the complete copy when the incomplete/altered copy of the AR 15-6 Report was used as an exhibit during the WOFR Board hearing?[FN19] 2) Why was the plaintiffs and his limited counsels memorandums never considered? These document with specificity why the board should have never been convened and the substantive due process violations that occurred prior to and during the WOFR board.[FN20] 3) 1st Army not having a Legal Review of the AR 15-6 Report that was sent from a lower command [KY Guard] to a Higher Command [1st Army] requires a legal review per the Final Administrative Actions Matrix[FN21] Further, no administrative actions can be taken-without the legal review having been completed.

### The Three Questions

First Question; How did 1st Army get a copy of the complete AR 15-6 Report? The plaintiff received an incomplete copy May 5th 2010. This court received an incomplete copy as attached to the Motion to Quash in Vaughan v. Brigham. However, on Jan 12, 2012, LTC Dylan Seitz sent an e-mail to LTC Jeffrey Stevens [Deputy IG KY Guard] that pertinently states "You will note the two different pages of the DA Form 1574[FN18] one with command recommendations and one without. LTC Seitz further states "I cannot say whether this was a deliberate decision on my part or just an inadvertent choice between the two copies. If I had sent the copy with the recommendations it would not have had an effect. (First Army Attorney would have addressed it.)"

Footnotes: FN18: Exhibit B12 Pg1 & Pg2
FN 19: Exhibit A1, Page1 ; Exhibit A1 Pg2-Page5.
   Exhibit A2, represents the missing page that completes the AR 15-6 [Plaintiffs note: Exhibits are different than amended Complaint!]
FN 20: Exhibit B13, "WOFR Board Appeal Memo"- Pgs 1-6
FN 21: Exhibit B1

<u>Plaintiffs Note</u> This e-mail confirms the two different versions of the Aug AR 15-6 Report and that the <u>incomplete</u> version was used to initiate the WOFR Board... without the required legal review. [FN22]

<u>Second Question:</u> Why was the plaintiffs and his limited counsels appeal memorandums never considered by 1st Army? Attached [FN23] is the plaintiffs appeal memorandum that documents how the plaintiff was denied documents, denied legal representation, and [again] denied the opportunity to rebut the AR 15-6 Report. Further, his appeal memorandum notes that the required legal review could never have been completed due to the substantive due process violations.

<u>Third Question:</u> Why was there no legal review in the possession of 1st Army? Per the due process Matrix this was <u>required</u> to have been completed prior to any adverse administrative actions being initiated and/or <u>Prior</u> to the AR 15-6 Report being sent to higher command... from KY Guard to 1st Army.

<u>FOIA Fraud: Legal Review</u>

On Aug 17th 2011, the plaintiff submitted a FOIA request [FN24] to the KY National Guard requesting the 'Memorandum of Legal Sufficiency' that would have been the required product of a legal review of the AR 15-6 Report of Investigation.

The KY National Guard responded to the plaintiffs Aug 17th FOIA request by denying it on Oct 13th 2011. CPT Mulder pertinently states "while processing your request, the KYARNG Staff Judge Advocate (SJA) Office <u>has located documents</u> originating from the SJA's office..." CPT Mulder continues "All items <u>are being withheld</u> because they reflect the personal opinions, recommendations, and advice of staff members <u>and were used to arrive at</u> a Final Agency Action. [FN25]

<u>Plaintiffs Note:</u> This Oct 13th FOIA rejection e-mail reasonably led the plaintiff to falsely believe that the legal Review existed but was being withheld. This was a misrepresentation by the

Footnotes: FN22 Ex.A1, pg 2-5 Represents the incomplete version of the AR 15-6 Report of Investigation.
FN22 Ex. A2 is the missing page that completes the AR 15-6 Report., See also Ex. A1
FN23: Ex. B13, "WOFR Board Appeal Memo" pgs 1-6
FN24: EX. B14
FN25: EX B15, Pg 1-2

defendants in their FOIA Rejection Letter, The plaintiff knowing if this document existed or not was important for any appeal and/or is related to his causes of action in the APA lawsuit.

Regarding the same FOIA request; On Nov 22nd 2011, LTC Dylan Seitz sent an e-mail to CPT Mulder that pertinently states[FN26] "CPT Mulder - I have searched my files and have not been able to locate the requested document. I can neither confirm nor deny the existence of a written legal review pertaining to the AR 15-6 investigation report that is the subject of the [FOIA] request." In the e-mail chain... no JAG officer could produce the legal review.[FN27] No legal review represents a substantive procedural violation that was hidden by the defendants from the plaintiff and this court and caused harm to the plaintiff.

## Further APA Lawsuit Fraud Evidence

On June 28th 2012, Todd Milliard sent LTC Seitz a probative e-mail that pertinently States "... do you think there is any credence to the allegations Vaughan made in a recent e-mail[FN28] where he alleged that the summarized Transcript left out significant portions of the hearing testimony?" Todd Milliard further states "Finally, earlier this week[FN29] ILT Vaughan seemed to be making a big deal of the fact that the copy (copies) of page 4 of the Aug 09 report he got only included MAJ Richmonds authentication (Section VI)[FN30] but did not include LTC Morrison's regarding his approval of the report (Section VIII).[FN31] To respond to that, I would recommend that the affidavit pertaining to the release of the Aug 09 AR 15-6 report address this by either stating that he received a copy that included LTC Morrisons comments or in the alternative stating why the copy he got did not include LTC Morrisons comments. There is probably a perfectly logical explanation which I hope can be addressed in the affidavit."

There was no logical explanation why the plaintiff never received the complete AR 15-6 Report. The defendants lied to the plaintiff and this court that the AR 15-6 Report and the administrative actions weren't related. The defendants chose to willfully lie in their Motion to Dismiss as filed in the APA lawsuit.

Footnotes: FN26: Exhibit B16
FN27: Exhibit B17
FN28: Exhibit B9
FN29: Exhibit B10
FN30: EX A1, Page 5
FN31: EX A2

Catalyst For the APA/Privacy Act Lawsuit Frauds

On July 2nd 2012, the plaintiff sent David Middleton an e-mail with the missing AR 15-6 report page attached. This e-mail pertinently states "Who do you want to precisely tell Judge Reeves that LTC Seitz explicitly did not submit the complete AR 15-6 Report of Investigation when he [LTC Seitz] committed the egregious Privacy Act Violation [in] Vaughan v. Brigham 3:10-cv-5 and attachments?" FN 32 This July 2nd 2012 e-mail of the plaintiff was forwarded by David Middleton to: CPT Stephanie Banks [US Army], LTC Dylan Seitz, and Todd Milliard [NGB]. FN33

The plaintiff argues that this e-mail was the trigger for the frauds committed in the APA, Privacy Act, and Vaughan v. Hayes Lawsuits. An adverse finding in the APA & Privacy Act Lawsuits would have had a catastrophic effect to the defendants. The defendants having to acknowledge that the plaintiff had been arbitrarily and capriciously denied due process that represented a violation of agency policy that caused harm to the plaintiff -- would have made the Privacy Act lawsuit also an easy win for the plaintiff.

Such an adverse determination in the APA Lawsuit would have made a reasonable person argue that no reasonable person would ever believe that a privacy act protected--incomplete document that the plaintiff had been arbitrarily and capriciously denied the opportunity to rebut -- would ever be acceptable to disclose in any manner. This would be especially so [complete or not] when the disclosure is designed to discredit the plaintiff and avoid his subpoena duces tecum FN 34... to [incredibly] hide the defendants misconduct in denying the plaintiff due process [arbitrarily & capriciously] to begin with!

Mechanics of the Fraud

On July 3rd 2012, the plaintiff filed his 'First Amended Complaint...' FN 35 and attached the missing page from the AR 15-6 Report and explained this document's significance. That the report obviously links the administrative actions taken due to the AR 15-6 Report, that was the basis of the APA Lawsuit.

Footnotes: FN32: Exhibit B18
FN 33: Exhibit B19
FN 34: KYE.D. 3:10-cv-5, Doc 34
FN 35: KYE.D. 3:12-cv-35, Doc 11

Based on Todd Milliard's June 28th 2012 e-mail and the plaintiffs Amended Complaint, the defendants counsel began to panic. Todd Milliard's July 20th 2012 e-mail [FN35] is now more understood as to why the defendants were "hosed" if the defendants could not document that the plaintiff had received the AR 15-6 Report prior to the admin actions having been taken against the plaintiff. This being further exacerbated as there was no legal review of the AR 15-6 Report having ever been completed. As Todd Milliard states that not being able to document the plaintiff receiving the AR 15-6 Report... he would be shown to "have Final Agency Actions and a violation of agency policy that caused him harm." [FN36]

Coincidentally on July 20th 2012, the plaintiff had the Letter of Reprimand that he had received due to the Aug AR 15-6 Report... was removed from the plaintiffs Official Military Personnel File. [FN37] Also on the same day, SFC Marion Berry wrote in her sworn affidavit stating that the letter of Reprimand was not in the plaintiffs OMPF. To add insult to injury, on July 24th 2012, the Letter of Reprimand was replaced into the plaintiffs OMPF.

On July 21st 2012, Todd Milliard e-mailed his draft 'Motion to Dismiss' the APA lawsuit [FN38] to David Middleton. The defendants had decided that the only course of action available was to deceive the court by disassociating the AR 15-6 Report from the plaintiff being relieved and the subsequent Relief for Cause / Referred Officer Evaluation Report, And ignoring the existence of the missing page from the AR 15-6 Report [FN39] that conclusively linked the administrative actions of the relief & the evaluation report. Per previous evidence, this was willful and intentional upon the submission of the defendants 'Motion to Dismiss' in the APA Lawsuit on Aug 3rd 2012 (Doc. 14). The 'Motion to Dismiss' was filed in Bad Faith and for an improper purpose to deceive the court... which was successful, and the plaintiffs meritorious lawsuit was dismissed. [FN40] Consequently, the plaintiff moves this court to Find and Declare that the defendants 'Motion to Dismiss' (Doc 14) as Filed in the APA Lawsuit was Filed in Bad Faith and for an Improper Purpose, to deceive this court, which it succeeded in doing.

Footnotes: FN 36: Exhibit B19, Pg 1
FN 37: KYE.D. 3:12-CV-35, Doc 18
FN 38: Exhibit B20
FN 39: Exhibit A2

FN 40: In an e-mail to Todd Milliard, & LTC Witherspoon, on Aug 26 2012 (3 weeks after motion to dismiss)
EX. B20 David Middleton states pertinently "However, there is a sense in which it appears to be true that some AR 15 investigative reports can be rebutted directly by the officer and that has not occurred."

PG 11

## U.S. Senator Rand Paul

The defendants seek to strike from the plaintiffs complaint any mention of Sen. Rand Paul. The plaintiff opposes this as the information is relevant to his causes of action. In that the defendants will engage in civil and criminal misconduct to deny the plaintiff due process no matter the venue. It is understandable that the defendants are deeply concerned of the discovery that they willfully lied to a U.S. Senator, It is a federal crime punishable per 18 U.S.C. 1001.

On Aug 2nd 2013, the plaintiff filed a congressional complaint with Senator Rand Paul. The 'Gist' of the complaint is that the plaintiff was entitled to a medical Review board and a Forensic Psychological Exam [Pursuant to 10 U.S.C. 1177] prior to being discharged with an 'Other Than Honorable Discharge. The discharge was directly related to the causes of action of the APA lawsuit. [FN 41]

On Aug 28th 2013, LTC Dylan Seitz scanned the plaintiff's 'Line of Duty [LOD-DR 2013] into .PDF format & emailed it to himself.[FN 42] This document pertinently States that "[The] soldier was injured during an RPG blast on 20 June 08." This injury was incurred in the Line of Duty, during combat, while in a Title 10 Active duty status while in Afghanistan.

However, On Aug 29th 2013... LTC Dylan Seitz drafted the response to Senator Rand Paul's office[FN 43] that pertinently states "The Kentucky National Guard has no evidence supporting Michael Dean Vaughan's claim that he was injured while in a Title 10 status. Michael Dean Vaughan was afforded all rights, benefits, and privileges to which he was lawfully entitled prior to his separation from state and federal service."[FN 44] Both of these statements are false. The medical records & the Line of Duty attached to the plaintiff's amended complaint Exhibit B Doc 3-1, pg 6-29, and the medical records on the CD Exhibit A attached to this response... demonstrate the falsity of LTC Seitz statement to Sen. Rand Paul. Further, this lawsuit demonstrates the falsity of the statement that the plaintiff was "afforded all rights, benefits, & privileges...". The failure of the defendants to evaluate and treat the plaintiff had horrific consequences.

---

Footnotes: FN 41: Exhibit C1, Pg 1-2
FN 42: Exhibit C1, Pg 3
FN 43: Exhibit C1, Pg 4
FN 44: KYE.D, 3:15-cv-6, Doc 3-1, Pg 7 'Rand Paul Letter' → KY Guards Response authored by LTC Dylan Seitz

## Consequences of the Frauds Committed in this Court

After begging the defendants for further evaluation and treatment for PTSD, MTBI, and other combat related injuries, the defendants then lied to Senator Rand Paul which further aggravated the plaintiff's mental health. On Dec 16th 2013, the plaintiff filed an Inspector General ('IG') complaint[FN45] with the defendant The National Guard Bureau. This IG complaint was summarily dismissed on Dec 20th 2013. On Dec 21st 2013, the plaintiff had a PTSD related mental health breakdown and was involved in a swat team standoff. The standoff ended when the plaintiff was shot in his 3rd floor window-- while unarmed and with his hands raised while trying to end the standoff peacefully.

## Senator Rand Paul and the News Story

Within 48 hours of the standoff, the KY National Guard visciously slandered the plaintiff to the entire nation. In one news story[FN46] the defendant The KY Army National Guard stated that "The Guard had investigated Vaughan's claims of PTSD and Traumatic Brain injury and found they had no merit." The article further states "He's described events that other soldiers in the region have no recollection of." Seitz said "He was in a combat zone and did deploy, but his claims of what he was exposed to and suffered do not match those of a number of officers serving with him." Basically the KY Guard stated as fact that they had "investigated" his PTSD & MTBI and he was a liar and he was making up war stories. The plaintiff will use those Dec 2014 e-mails, & documents to smash these viscious lies of the defendants.

On the CD Rom attached as Exhibit 'A', is a Media Release video that addresses this news story. In Summary, on March 7th 2013, the plaintiff

received a Permanent Military Medical Profile for PTSD and for mTraumatic Brain Injury issues involving visual Disturbance and loss of hearing due to the Explosion of an RPG. [FN47] The profile pertinently states "... Hx of PTSD, evaluated at BGS on 7MAR 13 by Stalr DPH Floyd Hunsacker, and found to be stable."

---

Footnotes: FN 45: Exhibit C1, Pgs 5-6
FN 46: Exhibit D1, Pg 1
FN 47: Exhibit D1, Pg 2

The required Forensic psychological exam required per 10 U.S.C. 1177, prior to discharge, was instead performed by the 'Director of Psychological Health,' an unqualified-Marriage Family Therapist, who had made the diagnosis that the plaintiffs PTSD was 'stable'. Having an unqualified person evaluate the plaintiff had consequences the plaintiff and his family suffered from. The first part of the news story is False.

## Rebuttal to Second Part of News Story

On Feb 23rd 2009, the plaintiff, completed a sworn statement for the Neuro Doctors of the Hospital in Bagram, Afghanistan.[FN48] In this statement, the plaintiff explains the battle, how his truck A26[FN49] was struck by an RPG ('Rocket Propelled Grenade') and how his Gunner and the plaintiff were injured. The plaintiff discovered that his truck A26 [MRAP] having been struck by an RPG, was what was at issue.

On Aug 28th, 2013, LTC Dylan Seitz sent an e-mail[FN50] to MAJ Derrick Frodge, MAJ James Richmond, and others. In this e-mail LTC Dylan Seitz questions the plaintiffs Line of Duty as he could find no medical records[FN] or any evidence that the plaintiffs vehicle [A26] had been struck by an RPG. Moreover, On Aug 28th 2013, MAJ Frodge responded by saying that he didn't realize the LOD (Line of Duty) had been approved[FN51] and he emphatically stated "I was in the truck he [plaintiff] was riding in and can assure you there was no RPG Hit." Both of these e-mails forms the basis of the slanderous 2nd part of the news story.

On Feb 25th 2014, LTC Scott Thomas sent an e-mail[FN52] to LTC Dylan Seitz with two attachments. These formerly classified 'Secret' U.S. Army documents smash the lies of MAJ James Richmond and MAJ Derrick Frodge.

In the Workhorse Significant Action Tracker Excel Spreadsheet,[FN53] Line 67[FN54] for Pages 8 and 9 of the Exhibit, deals with the June 20th 2008 Battle that RCP3[FN54] in command by the plaintiff as the Platoon Leader, was involved in. Column 'F' shows there was a TIC (Troops in Contact-Battle) that involved Small Arms Fire and RPG's,

Footnotes: FN 48: Ex 01, Pg 3, See also K.V.E.O. 3:15-CV-6, Doc 3-1, Pg 12-14
FN 49: A26, A26m, Truk26 = Same vehicle. Plaintiff was the 2nd Platoon Leader → 2.nd.d.6element = PL thus the Plaintiffs call sign was also '26'. [Pronounced: Two Six]
FN 50: Exhibit 01, Pg 4-5
FN 51: Exhibit 01, Pg 6, MAJ Frodge signed the LOD
FN 52: Exhibit 01, Pg 7
FN 53: Exhibit 01, Pg 8-10
FN 54: RCP = Route Clearance Patrol

Page 9 of the same Exhibit shows more information. Specifically, Line 67- Column 'U' shows 55 EKIA (enemy killed), and Column 23 enemy wounded in Action. This corresponds to the Updated Army Commendation, Combat Action, and Line of Duty awards the plaintiff received for the June 20th 2008 battle. With the exhibit are the New York Times and Associated Press news stories referencing this Battle that the plaintiff's platoon was involved in. Additionally, the plaintiff received an Army Commendation (ARCOM) for leading his platoon (RCP3) through this complex ambush "resulting in approximately 55 enemy KIAs, 25 enemy WIAs, and 3 detained." FN62 That occurred on June 20th, 2008. Attached to the Amended Complaint (Doc. 3-1, pg 18) is the Combat Action Badge the plaintiff also received for leading his platoon through the same Ambush.

Page 10 of the same Exhibit FN55, Line 49, Column 'H' shows that the AAR (After Action Review) was due and scheduled for June 23rd 2008 at 1230 zulu hours. Attached to this response is that Formerly classified 'Secret' U.S. Army AAR Powerpoint Slides FN56 as briefed by the various company commanders. B-COMPANY... "Badger" company was what 'RCP3' (2nd Platoon of B-CO, 201st EN BN), that was led by the plaintiff, Fell under. Badger Company Commander was Captain Derrick Frodge (Now MAJ Derrick Frodge). MAJ Frodge was then the plaintiff's Company Commander.

The 'Badger' Company AAR 23 June 2008 powerpoint slides begin on page 13 FN56 and continue to page 16. These slides were briefed to the Battalion Commander by Captain Derrick Frodge. Page 15 of the slides deals with the June 20th 2008 complex ambush the plaintiff's Platoon 'RCP3' was involved in. MAJ Frodge had briefed the Battalion Commander pertinently that "A26 [plaintiff's truck] Turret was struck by an RPG injuring the Gunner."

MAJ Derrick Frodge and MAJ James Richmond had willfully lied that the plaintiff's MRAP--Truck A26 had never been struck by an RPG. Using Formerly classified Army documents, the plaintiff has shown that the news story and the lies told to Senator Rand Paul, were willful and maliciously False.

---

Footnotes: FN55 : Exhibit D1, Pg 10
FN56: Exhibit D1, Pg 11-16 "SIGACT AAR Brief 23 Jun 08

Addendum Footnote   FN62: Exhibit G1, Pg 1-4

The same army officers responsible for the visciously defamatory news stories that the plaintiff was subjected too... had an ulterior motive. Specifically, to deflect criticism from the KY National Guard and Senator Rand Paul for failing to accord the plaintiff any "rights, benefits, or priviliges he was entitled" prior to separation from state and federal military service. Most notably, further needed evaluation and treatment for PTSD and traumatic brain injuries incurred in combat while in a Title 10 status.

The defendants had created a mental health time bomb with their civil and criminal misconduct both in and out of this honorable court, directed maliciously at the plaintiff. When the plaintiff sought help from the defendants in defusing him, the defendants denied him needed medical treatment. When the plaintiff sought assistance from the Hon. Senator Rand Paul, the defendants willfully lied to the Senator who subsequently refused to help the plaintiff. The plaintiff filed an IG complaint on Dec 16th 2013... this was denied by the NGB. On Dec 21st 2013, the plaintiff exploded. The defendants response was to slander the plaintiff to cover-up their having denied the plaintiff due process, required medical evaluation and treatment, and for having willfully lied to Senator Rand Paul.

## The 'Atta Boy'

On Dec 27th 2013, the Adjutant General for the KY National Guard; Major General Edward Tonini, sent an e-mail[FN57] to LTC Dylan Seitz and LTC Kirk Hilbrecht thanking them for "Handling the Press" as the "situation was clearly being showed in an ackward, inappropriate way for the KY National Guard and Senator Rand Paul." Plaintiff's Note: At least they received a 'Pat on the back' for their misconduct from a two star general.

## The Honorable Judge Danny Reeves

The plaintiff vehemently opposes the transfer of the lawsuit to Judge Danny Reeves. The defendants prejudiced Judge Reeves so much in Vaughan v. Clapham that Judge Reeves ignored the Federal Rules of Civil Procedue, lied about the court record, and other incredible acts of judicial misconduct that are documented in the attached[FN58] Writ of Mandamus.

Footnotes: FN57: Exhibit D1, Pg 17
FN 58: Exhibit E1, All pages

Motion the Plaintiff filed with the Sixth Circuit Court in July of 2011. A year prior to the plaintiff receiving the missing page from the AR 15-6 Report. The plaintiff opposes the transfer based on the previous Judicial Misconduct of Judge Reeves that allowed the frauds of the defendants to go unchallenged in this honorable Court.

Further, the plaintiff Moves this Court to transfer all five previous cases to be presided over by the Honorable Judge Gregory Van Tatenhove. Specifically, KY Eastern District Cases: 3:10-cv-5; 3:10-cv-54, 3:12-cv-23, 3:12-cv-34, 3:12-cv-35.

## OPSEC Violation

Paragraph 168 in the plaintiff's Amended Complaint references misconduct of MAJ James Richmond as to one of the reasons the plaintiff was denied due process. This misconduct of MAJ Richmond occurred on Aug 15th 2009[FN59] when the plaintiff discovered two external hard drives that contained thousands of classified 'Secret' U.S. Army documents, that had been left unsecured in an unoccupied office in MAJ Richmond's office--at the Ashland, KY National Guard Armory. The images with the exhibit **F1** show MAJ Richmond's office and the external drives with the Red 'Secret' denoting the drives National Security Classification level. Leaving these drives unsecured is both a Military and a Federal Crime. Everyone responsible... including LTC Jerry Morrison would have had their military careers destroyed if there had been an investigation.

In Image **1**,[FN60] the viewer can clearly see the Red Classified 'Secret' sticker. Above this red sticker is wrote on the drive "B CO 201st EN BN". This external drive contained all of the 'Secret' documents of 'Badger' Company commanded by MAJ Derrick Frodge. Further, MAJ Derrick Frodge shared this office with MAJ Richmond. MAJ Frodge's career also would have been destroyed. A large part of why these two Majors lied to destroy the plaintiff's credibility, denied him due process, and why they both willfully lied about the RPG striking the plaintiff's Turret, and why they lied to this court, is shown in those opsec violation images.

Footnotes: FN59: Exhibit F1, Pg1 and all images - Images 1-3
FN60: Exhibit F1, Pg2 → Image 1

<u>Conclusion</u>

Denial of documents and due process is the underlying theme of the past six years for the plaintiff. This nightmare began when this court ordered the KY Guard to comply with the plaintiff's subpoenas. Instead of complying to this courts Aug 26th 2010 order, the KY National Guard responded by submitting a Fraudulent Motion to Quash that had attached a Privacy Act Protected, incomplete copy of the Aug 09 AR 15-6 Report of Investigation. Aggravating this was the plaintiff had been willfully denied any semblance of due process with the AR 15-6 Report or the subsequent final administrative actions. Adding insult to injury, the defendant failed to 'notice' the plaintiff of the Motion to Quash or file a certificate of service. Every document filed by the defendants thereafter in every lawsuit were fraudulent. The affidavit of Michael Hicks, every Motion to Dismiss, every affadavit in the APA lawsuit and the altered transcript of the proceedings<sup>FN 61</sup> in Vaughan V. Hayes.

It took the plaintiff having a PTSD mental health breakdown and getting shot before the plaintiff could get the proof he needed to expose the defendants misconduct. Frauds that would never have been allowed by an impartial Federal Judge. The plaintiff asks this court to order the defendants to answer his amended complaint. Once the defendants authenticate the missing page from the Aug 09 AR 15-6 Report attached to the plaintiff's Amended Complaint as Ex. A1, the court will realize how true Todd Milliards statement was that the defendants are "Hosed". Amazing how a single page from a military document can expose the magnitude of the fraud committed in this court, by the defendants, that spans five federal lawsuits over six years.

Accordingly, For all the foregoing reasons and those in the plaintiff's Amended Complaint, that the Defendants <u>Motion to Dismiss, or in the alternative, Motion to Transfer</u> should be denied <u>in its entirety.</u>

Respectfully submitted, Dated this 30th day of October 2015

Michael Dean Vaughan
Plaintiff (PRO-SE)
KCDC/1004544
3000 Decker Crane Ln.
Covington, Ky 41017
Http://www.Facebook.com/treatmikev

FN 61: KY2.D. 3:10-cv-54, Doc. 48

PG 18

U.S. District Court
Eastern District of Kentucky
(Frankfort)

Vaughan v. KY Army National Guard, et al

Case No. 3:15-CV-06
Judge: Gregory Van tatenhove

## Certificate of Service

Comes now the plaintiff Michael Vaughan and certifies that a true copy of the 'Plaintiffs Response in Opposition to: 'Defendants Motion to Dismiss, or in the Alternative, Motion to Transfer' and all exhibits; was mailed via first class mail on this the 1st day of November, 2015 to the following:

Callie R. Owen
U.S. Attorneys Office, EDKY.
260 W. Vine Street Suite 300
Lexington, KY 40507-1612

Respectfully Submitted,

Michael Denn Vaughan
Plaintiff (Pro Se)
KCDC /1004544
3000 Decker Crane Ln.
Covington KY 41017